Michael C. Lieb (SBN 126831)
  mlieb@ecjlaw.com
Zoe M. Vallier (SBN 324324)
  zvallier@ecjlaw.com
**ERVIN COHEN & JESSUP LLP**
9401 Wilshire Boulevard, Twelfth Floor
Beverly Hills, California 90212-2974
Telephone: (310) 273-6333
Facsimile: (310) 859-2325

Attorneys for Plaintiff
CATALINA YACHTS, INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| CATALINA YACHTS, INC., a California corporation,<br><br>    Plaintiff,<br><br>    v.<br><br>SHARON DAY, an individual; GERARD DOUGLAS, an individual; and DOES 1 through 10, inclusive,<br><br>    Defendants. | Case No. 2:25-cv-04090<br><br>**COMPLAINT FOR DECLARATORY JUDGMENT** |

Plaintiff Catalina Yachts, Inc. ("Plaintiff" or "Catalina") alleges as follows:

1.    This case is brought to determine a dispute under substantially identical agreements, labeled "Bonus Compensation Agreement" (each a "Bonus Agreement" and together, the "Bonus Agreements") between Catalina and defendant Sharon Day ("Day") and Catalina and defendant Gerard "Gerry" Douglas ("Douglas") (collectively, "Defendants"). There is presently a dispute concerning the events that trigger Catalina's obligations – Day and Douglas contend a bonus is currently payable to each of them under the Bonus Agreements and Catalina denies that any bonus is currently payable to either of them. This dispute can only be resolved through court interpretation of the terms of the parties' respective rights and obligations under the Bonus Agreements.

## JURISDICTION, JUSTICIABILITY AND VENUE

2. Plaintiff Catalina is a California corporation with its principal place of business in Woodland Hills, California. Catalina is owned by various family trusts created by Frank and Jean Butler (the "Butlers").

3. Catalina is informed and believes, and thereon alleges that defendant Day is currently a citizen of the State of Nevada, who signed and substantially performed her obligations at Catalina's principal place of business in Woodland Hills, California.

4. Catalina is informed and believes, and thereon alleges, that defendant Douglas is currently a citizen of the State of Florida, who signed and substantially performed his obligations at Catalina's principal place of business in Woodland Hills, California.

5. The amount in controversy with each defendant is $1 million, potentially less offsets in the estimated range of approximately $300,000 to $500,000.

6. There is thus complete diversity of citizenship between Catalina, on the one hand, and Day and Douglas, on the other, and the amount in controversy as to each defendant individually exceeds $75,000.00. This court thus has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(1).

7. A declaration of rights is necessary and appropriate because there is an actual controversy within the Court's jurisdiction within the meaning of the Declaratory Judgments Act (28 U.S.C. § 2201).

8. Venue is proper in the Central District of California because the Bonus Agreements were entered into in Woodland Hills, California, and a substantial part of the events giving rise to the dispute occurred in Los Angeles County, California. 28 U.S.C. 1391(b)(2).

## FACTUAL ALLEGATIONS

9. Defendants Day and Douglas were employees of Catalina until they left

Catalina's employment.

10. Day retired on or about October 23, 2024.

11. Douglas left Catalina on or about January 15, 2021.

12. In November 2002, Day and Douglas each executed substantially similar Bonus Agreements. True and correct copies of each are attached hereto as exhibits 1 and 2.

13. The Bonus Agreement has separate provisions governing when the bonus is earned versus when it is to be paid.

14. Each Bonus Agreement states at Paragraph 1.1, that Day and Douglas, respectively, "shall earn the Bonus if Employee continues to work full-time for Catalina until the earlier of:

(i) the sale of Catalina; or

(ii) seven and one-half (7 ½) years from the date of execution of this agreement.

"Sale of Catalina" includes sale of the Butlers' stock or sale of all of Catalina's assets."

15. Under the under the Bonus Agreement, the bonus is not payable until:

**"1.5 Timing of Payments.**

Catalina agrees to pay the Bonus to Employees within sixty (60) days of payment to the Butlers of the consideration they are to be paid for their shares."

16. There is no dispute that each of Day and Douglas remained employed by Catalina beyond May 18, 2010 and that no Sale of Catalina occurred before that date.

17. The dispute concerns whether the bonus payments became payable in May 2010 or another date prior to now, as Day and Douglas contend, or if the bonus payments are not due yet as the payments only become payable "within sixty (60) days of payment to the Butlers of the consideration they are to be paid for their

shares", (Bonus Agreement, Paragraph 1.5), and the Butlers have not sold any shares of Catalina nor received any payment or consideration for the sale of their shares.

18. Day and Douglas, respectively, have each made demands on Catalina to pay the bonus. The basis for their demands has varied. At times, they have claimed the bonus was payable in March of 2010 when it was "earned", ignoring the contract term that it is not payable until within "sixty (60) days of payment to the Butlers of the consideration they are to be paid for their shares". At times, they have contended it was due on an April 30, 2025 sale of some but much less than all of the assets of Catalina, again ignoring that it is not payable until within "sixty (60) days of payment to the Butlers of the consideration they are to be paid for their shares".

19. Catalina contends that under Section 1.5 of the Bonus Agreements, labeled "Timing of Payments," each Defendant is to be paid his or her bonus "within sixty (60) days of payment to the Butlers of the consideration they are to be paid for their shares." And, as the Butlers have never sold any shares of Catalina and continue to hold 100% of their shares today, Catalina contends that no bonus is yet due and payable.

## FIRST CAUSE OF ACTION
## (DECLARATORY JUDGMENT)

20. Catalina incorporates herein, as if alleged in full, paragraphs 1-19, inclusive, of this Complaint.

21. There is now an actual controversy within the jurisdiction of this Court in that Catalina contends that there is no bonus currently payable under the terms of the Bonus Agreements, while Defendants contend that the payments became payable either in May 2010, when they completed 7½ years of further employment, or in April 2025, when a partial sale of some of Catalina's assets closed.

WHEREFORE, Plaintiff prays for declaratory judgment as follows:

1. That no bonus payments are due under the Bonus Agreements because

such payments are not due until "sixty (60) days of payment to the Butlers of the consideration they are to be paid for their shares", and the Butlers have not received any consideration for the sale of their shares.

2.   For such other and further relief as this Court may see fit to award; and

3.   For Catalina's costs of suit.

DATED: May 7, 2025

ERVIN COHEN & JESSUP LLP
Michael C. Lieb
Zoe M. Vallier

By:   */s/ Michael C. Lieb*
Michael C. Lieb
Attorneys for Plaintiff
CATALINA YACHTS, INC.