Shumaker, Loop & Kendrick, LLP
Steven M. Berman, Bar No.256846
sberman@shumaker.com
101 East Kennedy Boulevard
Suite 2800
Tampa, Florida 33602
Telephone:  813.229.7600
Facsimile:   813.229.1660

Attorney for Defendant
Sharon Day

# IN THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

### LOS ANGELES DIVISION

| | |
|---|---|
| CATALINA YACHTS, a California Corporation, <br><br> Plaintiff, <br><br> v. <br><br> SHARON DAY, an individual; GERARD DOUGLAS, an individual; and DOES 1 through 10, inclusive, <br><br> Defendants. | Case No. 2:25-CV-04090-SVW-RAO <br><br> **DECLARATION OF SHARON DAY IN SUPPORT OF MOTION TO TRANSFER VENUE** <br><br> Date:      July 14, 2025 <br> Time:     1:30 p.m. <br><br> Judge:    Hon. Steven V. Wilson <br> Date Action Filed:     May 7, 2025 |

I, Sharon Day, declare as follows:

1.     I am one of the Defendants in the above-captioned matter. I make this declaration based on my personal knowledge and, if called as a witness, I could and would testify competently to the facts stated herein.

2.     I began my five-decade long career at Catalina Yachts in Woodland Hills, California, as an Administrative Assistant to the President back in July 1974. I was soon promoted to Office Manager, and eventually advanced to Vice President of Sales. In that role, I focused on developing sales strategies and coordinating efforts

1  with Catalina dealers throughout the United States and internationally. Following the

2  passing of Catalina Yachts' founder and President in 2020, I was honored to be

3  named his successor. Solely for the benefit of Catalina Yachts, I relocated my family

4  to Florida to assume the role and responsibilities of President, continuing to lead the

5  company with a commitment to its legacy and growth.

6      3.    I was employed by Catalina Yachts when I signed the Bonus

7  Compensation Agreement in 2002, which is attached to Plaintiff's Complaint as

8  Exhibit 1.

9      4.    Throughout my career, I worked closely with both the California and

10  Florida plants.

11      5.    Beginning in 1984 and while I worked for Catalina Yachts in California,

12  I frequently travelled to Florida for work, oftentimes at least twice a month.

13      6.    Around 2006, Catalina Yachts began transitioning production from

14  California to Florida, and the move took a few years to fully complete.  That

15  migration of manufacturing operations to Florida occurred between 2006 and 2010.

16  Around this time period, Catalina Yachts shut down the manufacturing in California,

17  with substantial operations being centered in Florida.

18      7.    After Frank Butler's passing in November 2020, Catalina Yachts

19  appointed me President of Catalina Yachts.

20      8.    A few months later, in April 2021, I purchased my home in St.

21  Petersburg, Florida, and I moved to Florida. At this point, I worked almost

22  exclusively at the Catalina Yachts' offices in Florida.

23      9.    On September 26, 2024, Hurricane Helene destroyed my home,

24  including all of my personal property.

25      10.    I had originally planned to announce my retirement at the Annapolis

26  Boat Show in October 2024, but after receiving no response from the Butler family,

27  I remained in Florida and continued working for Catalina Yachts. I formally

28

SHUMAKER, LOOP & KENDRICK, LLP
ATTORNEYS AT LAW
TAMPA

- 2 -

DECLARATION OF SHARON DAY IN
SUPPORT OF MOTION TO TRANSFER
VENUE 2:25-CV-04090

submitted my retirement documents and stepped down as President on December 2, 2024.

11.    After I retired and because my home was destroyed by the hurricane, my husband and I moved to live with one of my daughters in Las Vegas, Nevada, where I currently reside.

12.    Catalina Yachts employees and individuals with knowledge regarding the sale of Catalina Yachts' assets, consisting of the entire Florida operations, reside in Florida or outside of California. These individuals are likely to be material witnesses in this case.  Their names include Patrick Turner, President; Jon Ames, Engineer; Brenda Stafford, Administrator; and Mike Quinn, Plant Supervisor.

13.    I have learned that Daedalus Yachts is now in possession of Catalina Yachts' Florida operations and those employees and executives are located in Florida at the Plaintiff's former Florida operations manufacturing campus.

14.    Witnesses with knowledge regarding the sale and purchase of Catalina Yachts' Florida operations assets also reside in North Carolina, including employees of Daedalus Yachts.

15.    I believe the majority of relevant records, including employment files, internal communications, and records related to the assets and sale of Catalina Yachts, are located in Florida.

16.    I currently reside in Nevada and outside of California. Traveling to Central California for court proceedings would impose a significant burden on me, both financially and logistically.  Given my connections to the community, Florida is a more convenient forum for me and for several anticipated witnesses.

17.    Although Catalina Yachts has a presence in California, the events giving rise to this dispute occurred primarily in Florida, including the sale of substantially all the assets located in Florida.

18.    I believe that transferring this case to the Middle District of Florida would serve the interests of justice by allowing the case to proceed in a forum that is more closely connected to the facts, witnesses, and evidence.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.


Executed on _____, at Las Vegas, Nevada.


_____

Sharon Day

SHUMAKER, LOOP &
KENDRICK, LLP
ATTORNEYS AT LAW
TAMPA

- 4 -

DECLARATION OF SHARON DAY IN
SUPPORT OF MOTION TO TRANSFER
VENUE 2:25-CV-04090