**THE LAW OFFICES OF DANIEL A. KAPLAN**
Daniel A. Kaplan (SBN 179517)
555 West Beech Street, Suite 500
San Diego, CA 92101
Tel: (619) 685-3988
Fax: (619) 684-3239
Email: dkaplan@danielkaplanlaw.com

**PANAKOS LAW, APC**
Aaron D. Sadock Esq. (SBN 282131)
Veronica E. McKnight, Esq. (SBN 306562)
555 West Beech Street, Suite 500
San Diego, California 92101
Telephone: (619) 800-0529
Email: asadock@panakoslaw.com
Email: bmcknight@panakoslaw.com

Attorneys for Defendant
GERARD DOUGLAS

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### LOS ANGELES DIVISION

| | |
|---|---|
| CATALINA YACHTS, INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>SHARON DAY, an individual; GERARD DOUGLAS, an individual; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 2:25-cv-04090-SVW-RAO<br><br>**DEFENDANT GERARD DOUGLAS'S OPPOSITION TO DEFENDANT SHARON DAY'S AMENDED MOTION TO TRANSFER VENUE**<br><br>Date: July 14, 2025<br>Time: 1:30 p.m.<br>Dis. Judge: Hon. Stephen V. Wilson<br>Courtroom: 10A<br>Action Filed: May 7, 2025 |

- 1 -

Defendant Gerard Douglas ("Douglas") respectfully submits the following Opposition to Defendant Sharon Day's Amended Motion to Transfer Venue.

## I.  **INTRODUCTION**

Defendant Sharon Day filed an Amended Motion to Transfer this matter to the Middle District of Florida on June 10, 2025. However, this case concerns the interpretation and enforcement of a contract that Douglas, Catalina Yachts, Inc. ("Catalina") and its founder negotiated, executed and performed in California in 2002. Almost all witnesses reside in California, including Jean Butler, who is a party to the contract, the attorney who serves as the Trustee for nine trusts which are identified in the Contract, and the trust beneficiaries who likely participated in reviewing and approving the asset sale which evidently occurred in May 2025.

Further, while a few lower-level Catalina employees are located in Florida, none were involved with the Bonus Compensation Agreement. Catalina's president is in Florida, but Day overstates his importance as a witness to the alleged sale of Catalina's assets, which is documented in a written agreement. Furthermore, the records relating to Douglas's employment are likely at Catalina's Chatsworth, California office. The motion to transfer venue should be denied.

## II.  **PROCEDURAL BACKGROUND**

Plaintiff filed a Complaint on May 7, 2025, seeking declaratory relief related to Plaintiff's contractual obligations under Bonus Compensation Agreements with Defendant Sharon Day and Defendant Gerard Douglas, respectively. On June 10, 2025, Defendant Sharon Day filed an amended motion to transfer venue to the Middle District of Florida on June 10, 2025.

## III.  **FACTUAL BACKGROUND**

Defendant Gerard Douglas worked at Catalina for 46 years. During his tenure, he rose to become Vice President and Chief Designer for Catalina. Declaration of Gerard Douglas in Support of Opposition to Defendant Sharon

Day's Amended Motion to Transfer Venue ("Douglas Decl.") ¶ 3. He designed and/or oversaw the design of all the products that Catalina was manufacturing and selling for the past thirty years. Id. He signed a Bonus Compensation Agreement in 2002 with Catalina that was negotiated, executed by all parties, and performed for many years in California. Douglas Decl. ¶ 4, and 5.

In 2008, he moved to Florida to continue working for Catalina and has resided there since then. Douglas ¶ 4. According to the complaint, a dispute has arisen regarding Catalina's obligation to pay Douglas his bonus under the aforementioned compensation agreement following Catalina's alleged sale of its assets.

### A.  Key Witnesses Reside in Los Angeles and Ventura Counties.

The motion fails to acknowledge that many especially important witnesses reside in Los Angeles and Ventura Counties. Jean Butler, a signatory to the Agreement, resides in California. Russell Berney, an attorney licensed to practice law in the State of California resides here. Berney functioned as the attorney for the Butlers, Catalina, and as the trustee of the Butler Family Trust and various Grantor Retained Annuity Trusts identified in the Bonus Compensation Agreement. Douglas Decl. ¶ 6. Mr. Berney was also involved in previous efforts to sell Catalina, including to Douglas. Douglas Decl. ¶ 6. The structuring of the sale will be a key issue in this Action.

In addition, each of the Butler's children, who are beneficiaries of the Grantor Retained Annuity Trusts listed in the Bonus Compensation Agreement, reside in California, including Mary Lynn, Debbie Reese, Nancy Bear and David Bulter (See Complaint, Ex. 2, Page 10). The Bonus Compensation Agreement provides, "Reference in this Agreement to "Butlers" are intended to be to these trusts as a group." Id. In light of Mr. Butler's passing, the beneficiaries may have obtained and voted the stock held in the various trusts, and/or been involved in the

DEFENDANT GERARD DOUGLAS'S OPPOSITION TO DEFENDANT SHARON DAY'S AMENDED MOTION TO TRANSFER VENUE

decision-making process relating to the sale of Catalina's assets. Douglas Decl. ¶ 7.

**B.    The Few Individuals Moving Party Identifies as Witnesses are Affiliated with Catalina and Unlikely to Provide Relevant Testimony.**

In moving party Day's declaration in support of her motion to transfer venue, she has identified three individuals whom she states are likely to be material witnesses in this case. Nevertheless, Brenda Stafford, Jon Ames and Mike Quinn were lower-level employees without any knowledge of the Bonus Compensation Agreement that is the subject of this lawsuit. None engaged in the negotiation, execution, or Catalina's performance under the terms of that agreement. Douglas Decl. ¶ 8. Moving Party has failed to demonstrate that these three individuals have any knowledge of the terms of the purported asset sale or the negotiations of the agreements themselves.

Day also identifies Patrick Turner, the current president of Catalina. Nevertheless, his appointment was recent. He was not involved in the negotiation, execution, or performance of the Bonus Compensation Agreement. His knowledge about the assets Catalina sold is largely immaterial given that the transaction is documented in a written purchase and sale agreement. Douglas Decl. ¶ 9.

Finally, the pertinent records are believed to be located in Catalina's office in Chatsworth, California. Douglas Decl. ¶ 10.

**IV.    ARGUMENT AND AUTHORITY**

**A.    Moving Party has Failed to Demonstrate that the Action Should be Transferred.**

Under 28 U.S.C. 1404(a), a district court may transfer a civil action to another district where it might have been brought if the transfer is for the convenience of the parties and witnesses and in the interest of justice. *Healy v. Phillips*, 8 F.3d 27, 2 (9th Cir. 1993), *Hajjar v. Blue Cross & Blue Shield of Tex.*, No. SACV 09-00362CJC (JTLx), 2009 U.S. Dist. LEXIS 84835 (C.D. Cal. Sept.

- 4 -

10, 2009). The moving party bears the burden of demonstrating that transfer is warranted. Courts must evaluate motions to transfer venue based on an individualized, case-by-case consideration of convenience and fairness. *Rubio v. Monsanto Co.,* 181 F. Supp. 3d 746, 759 (C.D. Cal. 2016), *Safarian v. Maserati North America, Inc.*, 559 F. Supp. 2d 1068, 1071 (C.D. Cal. 2008).

Factors to consider include: (1) the location where the relevant agreements were negotiated and executed, (2) the state most familiar with the governing law, (3) the plaintiffs choice of forum, (4) the respective parties contacts with the forum, (5) the contacts relating to the plaintiffs cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof. *Almont Ambulatory Surgery Ctr., LLC v. UnitedHealth Grp., Inc.*, 99 F. Supp. 3d 1110, 1166 (C.D. Cal. 2015).

## B. Plaintiffs Choice of Forum is Entitled to Substantial Deference.

The plaintiff's choice of forum is generally afforded significant deference, particularly when the operative facts of the case occurred in the chosen forum. *United States v. One Oil Painting Entitled "Femme En Blanc" by Pablo Picasso,* 362 F. Supp. 2d 1175 (C.D. Cal. 2015), *Broad. Data Retrieval Corp. v. Sirius Satellite Radio, Inc.,* No. CV 06-01190 JFX (SSx), 2006 U.S. Dist. LEXIS 37641, at *3 (C.D. Cal. June 6, 2006). Here, the contract at issue was negotiated, executed, and performed in California, making the Central District of California the most appropriate venue. Courts have held that when the operative facts have no connection to the proposed transferee forum, the plaintiff's choice of forum is entitled to even greater weight. *Liberty Ins. Underwriters, Inc. v. Beaufurn, LLC*, No. CV 16-05675 FMO (MRWx), 2016 U.S. Dist. LEXIS 202764 (C.D. Cal. Nov. 30, 2016), *SEC v. Christian Stanley, Inc.*, No. CV 11-07147 GHK (MANx), 2012

1   U.S. Dist. LEXIS 200468 (C.D. Cal. Apr. 4, 2012).

2   **C.** **The Convenience of Witnesses and Access to Evidence Favor**

3   **California.**

4   The convenience of witnesses is often considered the most important factor

5   in a motion to transfer venue. *Almont Ambulatory Surgery Ctr., LLC v.*

6   *UnitedHealth Grp., Inc.*, 99 F. Supp. 3d 1110 (C.D. Cal. 2015), *Dish Network,*

7   *LLC v. Jadoo TV, Inc.*, No. CV 18-09768 (FMO (KSx), 2020 U.S. Dist. LEXIS

8   209819, at *12 (C.D. Cal. Mar. 16, 2020). In this case, crucial witnesses are

9   located in California, and the relevant documents are also in California. *Safari*

10  *Club Int'l v. Rudolph*, 2014 U.S. Dist. LEXIS 195657, *Imageline, Inc. v.*

11  *Hendricks*, No. CV 09-01870 DSF (AGRx), 2009 U.S. Dist. LEXIS 71125, at *6

12  (C.D. Cal. Aug. 12, 2009).

13  Compared to Florida, a greater number of witnesses to the Bonus

14  Compensation Agreement's interpretation and performance reside in Southern

15  California. First, Jean Butler is an actual signatory to the Bonus Compensation

16  Agreement. Douglas believes that she resides within Ventura County, a short

17  distance to the court. Mr. Berney is also believed to reside in Los Angeles. His

18  office address is listed, on the website of the State Bar of California, in Los

19  Angeles. He is believed to be the trustee of the nine trusts listed in the Bonus

20  Compensation Agreement that held or hold all of the stock in Catalina. The four

21  beneficiaries of the Trusts that may have already obtained control over Catalina's

22  stock all live in California as well. Accordingly, the current venue is

23  overwhelmingly more convenient for most of the key witnesses.

24  If testimony is required from a witness for Catalina regarding what assets

25  were sold in the May 2025 sale, which is doubtful given the sale was documented,

26  certainly its current president would be sufficiently knowledgeable.

27  As to the documents in Catalina's possession, Douglas believes they are

28  

- 6 -

located at Catalina's office in Chatsworth, California. Notably, Plaintiff does not dispute that Douglas has earned the right to the bonus, but rather that the time for payment has not accrued. The Bonus Compensation Agreement requires Catalina to pay as a bonus either five percent of its fair market value, or five percent of the price for the sale of the Butlers' stock, but not less than one-million dollars. All corporate and financial decisions were made in either the Woodland Hills or Chatsworth offices, and thus documents relevant to valuation and/or asset sale are undoubtedly located in California. See Douglas Decl. ¶ 10.

Further, the buyer of Catalina's assets does not reside in Florida or California. In any event, as the transaction was documented, no reason exists to consider the buyer's location, as the buyer is in no better position to testify regarding the sale of assets than Catalina itself or one its agents which assisted with the asset sale.

In short, transferring the case to Florida would impose significant inconvenience on almost all witnesses and hinder access to evidence.

### D. **Defendant Day's Residence and Contacts with Florida Do Not Support Transfer.**

The moving party does not reside in Florida, having relocated to Nevada. Courts have held that a defendant's residence is a relevant factor in determining venue, and the absence of significant contacts with the proposed transferee forum weighs against transfer. *Almont Ambulatory Surgery Ctr., LLC*, 99 F. Supp. 3d 1110, *Lefkowitz v. Westreich*, No. CV 16-05139 DSF (PJW), 2016 U.S. Dist. LEXIS 195398 (C.D. Cal. 2016). The defendant's relocation to Nevada further undermines any claim that Florida is a more appropriate venue for Ms. Day.

### E. **The Interests of Justice Favor Retaining Venue in California.**

Moving party asserts that the state of Florida has a strong interest in adjudicating this dispute. This argument is without merit. The Bonus

DEFENDANT GERARD DOUGLAS'S OPPOSITION TO DEFENDANT SHARON DAY'S AMENDED MOTION TO TRANSFER VENUE

2:25-cv-04090-SVW-RAO

Compensation Agreement was executed in California, by a California Corporation and residents of the State of California in 2002. The employee who was to benefit from the agreement resided and worked in California for years before and after the agreement was signed, before relocating to Florida. At the time of its execution, Douglas had not yet relocated to Florida and would not do so for another six years. The Butlers all reside in California.

California law will govern the contract dispute and other claims likely to be brought under FRCP 14. Courts have recognized that the state most familiar with the governing law is a significant factor in determining venue. *Almont Ambulatory Surgery Ctr., LLC*, 99 F. Supp. 3d 1110. Transferring the case to Florida would not serve the interests of justice as that state has no interest in this action whatsoever.

### F.    The Motion Is Based on the Convenience of Counsel.

The convenience of counsel is not a proper basis for transfer under 28 U.S.C. 1404(a). *In re Horseshoe Entm't*, 337 F.3d 429, 434 (5th Cir. 2003). Day's motion appears to be motivated by the convenience of her counsel rather than the convenience of the parties or witnesses. While understandable, such considerations are insufficient to justify the transfer of venue.

## V.    CONCLUSION

For the foregoing reasons, Douglas respectfully requests that the Court deny Defendant Day's motion to transfer venue under 28 U.S.C. 1404(a). The Central District of California is the proper venue for this case, as it is the location where the contract was negotiated, executed, and performed, and where key witnesses and evidence are located. The moving party has failed to meet their burden of demonstrating that transfer is warranted.

///

///

///

Dated:   June 23, 2025

**LAW OFFICES OF DANIEL A. KAPLAN**

By:    */s/ Daniel A. Kaplan*
       Daniel A. Kaplan
       Attorneys for Defendant
       GERARD DOUGLAS

DEFENDANT GERARD DOUGLAS'S OPPOSITION TO DEFENDANT SHARON DAY'S AMENDED MOTION TO TRANSFER VENUE

2:25-cv-04090-SVW-RAO

1

## **CERTIFICATE OF COMPLIANCE**

2

      The undersigned, counsel of record for Gerard Douglas, certifies that this

3

brief contains 2,120 words, which:

4

     <u>x</u> complies with the word limit of L.R. 11-6.1.

5

     _ complies with the word limit set by court order dated _____.

6

7

Dated:   June 23, 2025          **LAW OFFICES OF DANIEL A. KAPLAN**

8

9

               By:   <u>*/s/ Daniel A. Kaplan*</u>

10

                      Daniel A. Kaplan
                      Attorneys for Defendant

11

                      GERARD DOUGLAS

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT GERARD DOUGLAS'S OPPOSITION TO DEFENDANT SHARON DAY'S AMENDED MOTION TO TRANSFER VENUE

2:25-cv-04090-SVW-RAO