**THE LAW OFFICES OF DANIEL A. KAPLAN**
Daniel A. Kaplan (SBN 179517)
555 West Beech Street, Suite 500
San Diego, CA 92101
Tel: (619) 685-3988
Fax: (619) 684-3239
Email: dkaplan@danielkaplanlaw.com

**PANAKOS LAW, APC**
Aaron D. Sadock Esq. (SBN 282131)
Veronica E. McKnight, Esq. (SBN 306562)
555 West Beech Street, Suite 500
San Diego, California 92101
Telephone: (619) 800-0529
Email: asadock@panakoslaw.com
Email: bmcknight@panakoslaw.com

Attorneys for Defendant
GERARD DOUGLAS

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| CATALINA YACHTS, INC., a California corporation,<br><br>               Plaintiff,<br>     v.<br><br>SHARON DAY, an individual; GERARD DOUGLAS, an individual; and DOES 1 through 10, inclusive,<br><br>               Defendants. | Case No. 2:25-cv-04090-SVW-RAO<br><br>**DECLARATION OF DEFENDANT GERARD DOUGLAS IN SUPPORT OF OPPOSITION TO DEFENDANT SHARON DAY'S AMENDED MOTION TO TRANSFER VENUE**<br><br>Date: July 14, 2025<br>Time: 1:30 p.m.<br>Dis. Judge: Hon. Stephen V. Wilson<br>Courtroom: 10A<br>Action Filed: May 7, 2025 |

- 1 -

DECLARATION OF DEFENDANT GERARD DOUGLAS IN SUPPORT OF OPPOSITION TO DEFENDANT
SHARON DAY'S AMENDED MOTION TO TRANSFER VENUE

I, Gerard Douglas, declare as follows:

1.  I am an adult over the age of eighteen years old.

2.  I am a defendant in the above-captioned case and make this declaration in support of the accompanying Opposition to Motion to Transfer Venue. I have personal knowledge of the facts stated herein. I am a resident of the State of Florida.

3.  I worked for Catalina Yachts Inc. for 46 years. During my tenure, I rose to become Vice President and Chief Designer for Catalina Yachts Inc. ("Catalina"). I designed and/or oversaw the design of all of the products that Catalina Yachts, Inc. was manufacturing and selling for the past approximately thirty years.

4.  I worked solely in Catalina's office located in Woodland Hills, California, until 1984, when Catalina acquired another boat company and its manufacturing facility in Largo, Florida. I travelled from California to Florida approximately once a month until Catalina ceased manufacturing in California in 2008. At that time, I moved to Florida where Catalina relocated some operations and most manufacturing while maintaining corporate offices in California. During that portion of my employment, I was the senior, highest-ranking employee working in Florida until the founder, Frank Bulter passed away in 2020, and co-defendant Sharon Day was appointed the company's president.

5.  The Bonus Compensation Agreement that I received from Catalina was negotiated and executed in 2002, in California, years before I relocated to Florida. The individuals involved in its negotiation in California were Frank Butler, an attorney named Russell Berney and me. Frank Butler, his wife Jean Butler, Catalina, and I signed the Bonus Compensation Agreement in California. Mr. Berney resides in the Los Angeles area. From time to time, I had communications with each of them regarding the payment of the bonus.

6.  In fact, at least six especially important witnesses to the facts related to this matter reside in Los Angeles or Ventura Counties. Mr. Berney is an attorney

- 2 -

Doc ID: 46933561185595ac58937966dbef71a13f7366c7f

1    licensed to practice law in the State of California. He functioned as the attorney for

2    the Butlers, Catalina, Jean Butler, and as the trustee of the Butler Family Trust and

3    various trusts identified in the Bonus Compensation Agreement. Jean Butler, a

4    signatory to that Agreement, resides in California. Mr. Berney engaged in the

5    process of finding a buyer for Catalina for many years. He instructed me years ago

6    that if I knew of a potential buyer, I should refer them to Mr. Berney. He also

7    contacted me within the last three years to ask if I was interested in purchasing

8    Catalina.

9        7.   In addition, each of the Butler's children who are beneficiaries of Grantor

10   Retained Annuity Trusts which are listed in the Bonus Compensation Agreement

11   reside in California, including Mary Lynn, Debbie Reese, Nancy Bear and David

12   Bulter (See Complaint, Ex. 2, Page 10). The Bonus Compensation Agreement

13   provides, "Reference in this Agreement to "Butlers" are intended to be to these

14   trusts as a group." Id. In light of Mr. Butler's passing, the beneficiaries may have

15   obtained the stock held in the various trusts, and/or been involved in the decision-

16   making process relating to the sale of Catalina's assets.

17       8.   I have reviewed the declarations submitted by Sharon Day and attorney

18   Steven Berman. She has identified three individuals whom she states are likely to

19   be material witnesses in this case. Brenda Stafford, Jon Ames, and Mike Quinn

20   were lower-level employees without any knowledge of the Bonus Compensation

21   Agreement that is the subject of this lawsuit. None participated in the negotiation,

22   execution, or Catalina's performance under the terms of that agreement.

23       9.   Patrick Turner is the President who replaced Sharon Day after she retired.

24   He was not involved in the negotiation, execution, or performance of my Bonus

25   Compensation Agreement or its terms or in the history of my discussions with

26   Frank Butler, Jean Butler, and Mr. Berney. Mr. Turner may have narrow knowledge

27   about the sale of assets, but I further understand that there is a written purchase and

28

- 3 -

DECLARATION OF DEFENDANT GERARD DOUGLAS IN SUPPORT OF OPPOSITION TO DEFENDANT SHARON DAY'S AMENDED MOTION TO TRANSFER VENUE

2:25-cv-04090-SVW-RAO

Doc ID: 46933561185595ac58937960dber71a13f366c7f

1  sale agreement for the transaction. I believe that the terms of that transaction can be

2  discerned without requiring Mr. Turner as a significant witness in this case.

3      10. Ms. Day states in her declaration that the relevant records are located in

4  Florida. Catalina maintained corporate offices in Woodland Hills, California,

5  where all corporate and financial decisions were made during my tenure. Catalina

6  currently maintains offices in Chatsworth, California, after the sale of the

7  Woodland Hills facility in approximately 2022. I believe the records relating to my

8  employment and the Bonus Compensation Agreement are located there.

9      I declare under the penalty of perjury under the laws of United States of

10 America that the foregoing statements are true and correct and if called as a witness,

11 I could competently testify thereto.

12      Executed on June 23, 2025 at South Bristol, Maine.

13

14                                            _Gerard Douglas_  06 / 23 / 2025

15                                            _____

16                                            Gerard Douglas

17

18

19

20

21

22

23

24

25

26

27

28

- 4 -

DECLARATION OF DEFENDANT GERARD DOUGLAS IN SUPPORT OF OPPOSITION TO DEFENDANT
SHARON DAY'S AMENDED MOTION TO TRANSFER VENUE

Doc ID: 46933561185595ac58937796d8bef71a137566c7f