Shumaker, Loop & Kendrick, LLP
Steven M. Berman, Bar No. 256846
sberman@shumaker.com
101 East Kennedy Boulevard
Suite 2800
Tampa, Florida 33602
Telephone: 813.229.7600
Facsimile: 813.229.1660

Attorney for Defendant
Sharon Day

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### LOS ANGELES DIVISION

| | |
|---|---|
| CATALINA YACHTS, INC., a California Corporation,<br><br>Plaintiff,<br><br>v.<br><br>SHARON DAY, an individual; GERARD DOUGLAS, an individual; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 2:25-CV-04090-SVW-RAO<br><br>**DEFENDANT SHARON DAY'S REPLY TO PLAINTIFF'S AND GERARD DOUGLAS'S RESPONSES IN OPPOSITION TO AMENDED MOTION TO TRANSFER VENUE PURSUANT TO 28 U.S.C. § 1404(a)**<br><br>Hearing Date: July 14, 2025<br>Time: 1:30 p.m.<br>Judge: Hon. Stephen V. Wilson<br>Date Action Filed: May 7, 2025 |

Defendant Sharon Day respectfully submits the following Reply to Plaintiff's and Defendant Gerard Douglas's Responses in Opposition to Day's Amended Motion to Transfer Venue (ECF Doc. Nos. 22, 23):

- 1 -

DEFENDANT SHARON DAY'S REPLY TO PLAINTIFF'S AND GERARD DOUGLAS'S RESPONSES IN OPPOSITION TO AMENDED MOTION TO TRANSFER VENUE / 2:25-CV-04090

Shumaker, Loop & Kendrick, LLP
Attorneys at Law
Tampa

## I. THE PARTIES AGREE THAT FLORIDA IS A PROPER VENUE

Neither Plaintiff Catalina Yachts, Inc. ("Catalina") nor co-Defendant Gerard Douglas argue that Florida is an improper venue. In fact, Mr. Douglas concedes he "moved to Florida to continue working for Catalina and has resided there since then," (Def.'s Opp'n to Am. Mot. To Transfer, ECF Doc. No. 23, p. 3), and that "Catalina's president is in Florida," (*id*., p. 2). Plaintiff does not suggest Florida is an improper venue and indeed presumes "even if the Middle District of Florida were a proper venue" for purposes of arguing California is also proper. (Pl.'s Opp'n to Am. Mot. To Transfer Venue, ECF Doc. No. 22, p. 7).

It is well-settled that:

> To determine whether transfer to another venue is appropriate under section 1404(a), courts apply a two-part test. First, courts consider whether the action properly could have been brought in the proposed transferee district. Second, if the case could have been filed in the transferee district, then courts consider whether the case should be transferred to that forum for the convenience of parties and witnesses, in the interest of justice.

*Lai v. Lu*, No. 24-CV-06470-VKD, 2025 WL 1593089, at *1 (N.D. Cal. June 5, 2025) (cleaned up). Accordingly, because this suit could have been brought in Florida, and was instead brought in California based on Plaintiff's use of negotiations to avoid a first filing in Florida, the first part of the test demonstrates that transfer is appropriate.

## II. PLAINTIFF'S SALE OF ASSETS IN FLORIDA IS THE HEART OF THE PARTIES' DISPUTE HERE, MAKING TRANSFER TO FLORIDA IN THE INTERESTS OF JUSTICE

The parties also appear to agree Catalina sold its assets in Florida, the home of its operations, to another manufacturer who would continue Catalina brand operations in Florida. (*See* Pl.'s Opp'n to Am. Mot. To Transfer Venue, ECF Doc. No. 22, p. 8; *see also* Berney Decl., ECF Doc. No. 22-2, p. 3; Def.'s Opp'n to Am.

SHUMAKER, LOOP & KENDRICK, LLP
ATTORNEYS AT LAW
TAMPA

- 2 -

DEFENDANT SHARON DAY'S REPLY TO PLAINTIFF'S AND GERARD DOUGLAS'S RESPONSES IN OPPOSITION TO AMENDED MOTION TO TRANSFER VENUE / 2:25-CV-04090

Mot. To Transfer, ECF Doc. No. 23, p. 7). It is the sale of these Florida assets that triggered Catalina's duty to pay Ms. Day (and Mr. Douglas) under the Bonus Compensation Agreement, which sits at the heart of this lawsuit. Correspondingly, it is Plaintiff who alleges the sale of these same Florida assets did not trigger the contractual obligations owed to the Defendants. (Pl.'s Opp'n to Am. Mot. To Transfer Venue, ECF Doc. No. 22, p. 8). In other words, this entire case will turn on this issue of whether Catalina's sale of all of its Florida assets and operations constitutes a "sale of Catalina" under the Bonus Compensation Agreement. What existed in Florida, what was sold in Florida and what continues to be operated in Florida will determine the issues the Plaintiff asserted as well as Defendants' responses and likely counter and cross-claims all arising out of the sale of all of Catalina's Florida assets and operations.

Importantly, Catalina does not identify any assets—aside from books and records—that it maintains in California (or anywhere for that matter) and that are used in the operation of an active boat building, distribution and sales operations. (*See, e.g.*, Berney Decl. ¶ 9, ECF Doc. No. 22-2, p. 3). And while books and records may be maintained in California, those records—unlike witnesses—are easily transportable for purposes of trial in Florida. "In the age of electronically stored information, the ease of access to evidence is neutral because much of the evidence in this case will be electronic documents, which are relatively easy to obtain in any district." *Doe v. Epic Games, Inc.*, 435 F. Supp. 3d 1024, 1042 (N.D. Cal. 2020) (quoting *Simpson Strong-Tie Co., Inc. v. Oz-Post Int'l*, LLC, 2018 WL 3956430, at *8 (N.D. Cal. Aug. 17, 2018) (internal citation and quotation marks omitted)).

Furthermore, because Catalina's operations and principal place of business have been in Florida, the only reason books and records are maintained in California is because the information was uploaded—from offices in Florida—to Catalina's

- 3 -

DEFENDANT SHARON DAY'S REPLY TO PLAINTIFF'S AND GERARD DOUGLAS'S RESPONSES IN OPPOSITION TO AMENDED MOTION TO TRANSFER VENUE / 2:25-CV-04090

SHUMAKER, LOOP & KENDRICK, LLP
ATTORNEYS AT LAW
TAMPA

technology systems so that the handful of employees in California could access them. (*See* Day Decl. ¶ 15, ECF Doc. No. 18-1, p. 3). Moreover, the fact a lawyer who now operates Catalina in a merely trust capacity lives and works in the Central District of California is an insufficient reason to allow him to bring this action on behalf of Catalina divorced from the very jurisdiction where their sale conduct and decision not to pay Defendants occurred.

While the parties agree that a few witnesses regarding the Bonus Compensation Agreement may reside in California, it appears the parties do not contest the execution of or terms of the Bonus Compensation Agreement, so any testimony regarding the execution of the agreement is irrelevant. (See, e.g., Burney Decl. ¶ 10, ECF Doc. No. 22-2, p. 3). Thus, not all witnesses' ties to California support retaining venue here. Even still, these witnesses' ties to the state are not dispositive. For example, while Mr. Burney owns a residence in California, upon information and belief, he spends at significant period of time at his residence in France. Additionally, upon information and belief, Catalina's two employees assigned to the Simi Valley, California, office space do not primarily work in that office and instead frequently work remotely.

The attempts to minimize the potential witnesses in Florida is misleading. For example, Mr. Douglas attempts to downplay testimony from Catalina's current president Patrick Turner. However, upon information and belief, Mr. Douglas has not worked at Catalina for some time but is aware—through his job as a consultant for another boat builder who considered purchasing Catalina—that Mr. Turner was actually the person leading communications regarding the sale of Catalina's assets. While Ms. Day agrees that not all of the Florida witnesses she identified will have knowledge about the execution of the Bonus Compensation Agreement (which is largely uncontested among the parties), those witnesses have critical personal

- 4 -

DEFENDANT SHARON DAY'S REPLY TO PLAINTIFF'S AND GERARD DOUGLAS'S RESPONSES IN OPPOSITION TO AMENDED MOTION TO TRANSFER VENUE / 2:25-CV-04090

SHUMAKER, LOOP & KENDRICK, LLP
ATTORNEYS AT LAW
TAMPA

knowledge about the sale of all of Catalina's Florida assets in Florida, which is the basis upon which all parties agree will determine Catalina's obligation to pay. (Day Decl. ¶ 12, ECF Doc. No. 18-1, p. 3).

In short, this case is going to come down to contract interpretation, needing no witnesses, and a factual determination as to whether Catalina owes Ms. Day (and Mr. Douglas) the bonus contemplated under the Bonus Compensation Agreement based on the "sale of Catalina," as that term is defined in the Agreement. (Doc. No. 1-1, p. 2). Because Catalina undisputedly sold all its Florida assets and operations at its Florida operations plant (the only location where it held its operating assets), those witnesses familiar with those Florida assets, as they existed prior to the sale to the third party who now operates building Catalina branded products, are key witnesses. And those witnesses are located in Florida. *Doe v. Epic Games, Inc.*, 435 F. Supp. 3d 1024, 1042 (N.D. Cal. 2020) ("To evaluate witness convenience, 'courts must consider not only the number of witnesses, but also the nature and quality of their testimony.'" (quoting *United States ex rel. Tutanes-Luster v. Broker Sols., Inc.*, No. 17-CV-04384-JST, 2019 WL 1024962, at *5 (N.D. Cal. Mar. 4, 2019) (citation omitted))

Transfer to Florida is in the interests of justice, and Florida—as the home of the assets prior to and after Catalina's sale—holds a more significant interest than California in this controversy. The Court should grant the motion.

**III. THE CONVENIENCE OF COUNSEL IS NOT A FACTOR IN DEFENDANT DAY'S MOTION TO TRANSFER VENUE**

Finally, Day's motion does not seek to transfer venue for the convenience of counsel. Indeed, the undersigned counsel represents clients and frequently travels throughout the United States, and until very recently, undersigned counsel

- 5 -

DEFENDANT SHARON DAY'S REPLY TO PLAINTIFF'S AND GERARD DOUGLAS'S RESPONSES IN OPPOSITION TO AMENDED MOTION TO TRANSFER VENUE / 2:25-CV-04090

SHUMAKER, LOOP & KENDRICK, LLP
ATTORNEYS AT LAW
TAMPA

temporarily resided in Texas after Hurricanes Helene and Milton destroyed his residence in Florida. The undersigned now again lives in Florida just like Mr. Burney and his lawyers live, at least part time, in California.

## IV. CONCLUSION

Catalina's sale of assets in Florida, the convenience of witnesses, the parties' contacts to Florida, the significant contacts in Florida relating to Plaintiff's cause of action (and likely claims to be asserted by Ms. Day), the interests of justice, and the location of operative facts all support transfer to Florida. Plaintiff's choice of forum, while entitled to some deference, does not outweigh these considerations.

Accordingly, Defendant Ms. Day respectfully requests that this Court grant her Amended Motion to Transfer Venue, (ECF Doc. No. 18), and transfer this action to the United States District Court for the Middle District of Florida.

Dated:      June 30, 2025          **SHUMAKER, LOOP & KENDRICK, LLP**

By:/s/ Steven M. Berman
Steven M. Berman
Attorney for Defendant

- 6 -

DEFENDANT SHARON DAY'S REPLY TO PLAINTIFF'S AND GERARD DOUGLAS'S RESPONSES IN OPPOSITION TO AMENDED MOTION TO TRANSFER VENUE / 2:25-CV-04090

SHUMAKER, LOOP & KENDRICK, LLP
ATTORNEYS AT LAW
TAMPA

# **CERTIFICATE OF COMPLIANCE**

The undersigned, counsel of record for Defendant, Sharon Day, certifies that this brief contains 1,453 words, which:

X  Complies with the word limit of L.R. 11-6.1.

☐  Complies with the word limit set by court order dated _____.

Dated:  June 30, 2025

                /s/ Steven M. Berman_____
                Steven M. Berman
                Attorneys for Defendant, Sharon Day

SHUMAKER, LOOP & KENDRICK, LLP
ATTORNEYS AT LAW
TAMPA

- 7 -

DEFENDANT SHARON DAY'S REPLY TO PLAINTIFF'S AND GERARD DOUGLAS'S RESPONSES IN OPPOSITION TO AMENDED MOTION TO TRANSFER VENUE / 2:25-CV-04090