1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**THE LAW OFFICES OF DANIEL A. KAPLAN**
Daniel A. Kaplan (SBN 179517)
555 West Beech Street, Suite 500
San Diego, CA 92101
Tel: (619) 685-3988
Fax: (619) 684-3239
Email: dkaplan@danielkaplanlaw.com

**PANAKOS LAW, APC**
Aaron D. Sadock Esq. (SBN 282131)
Veronica E. McKnight, Esq. (SBN 306562)
555 West Beech Street, Suite 500
San Diego, California 92101
Telephone: (619) 800-0529
Email: asadock@panakoslaw.com
Email: bmcknight@panakoslaw.com

Attorneys for Defendant and Counter-Plaintiff
GERARD DOUGLAS

ANSWER AND FIRST AMENDED COUNTERCLAIM OF DEFENDANT GERARD DOUGLAS

2:25-cv-04090-SVW-RAO

1    **UNITED STATES DISTRICT COURT**

2    **CENTRAL DISTRICT OF CALIFORNIA**

3    **LOS ANGELES DIVISION**

4

5    CATALINA YACHTS, INC., a
     California corporation,                        Case No. 2:25-cv-04090-SVW-RAO

6
                    Plaintiff,                      **ANSWER AND FIRST AMENDED**
7                                                   **COUNTERCLAIM OF**
             v.                                     **DEFENDANT GERARD**
8                                                   **DOUGLAS**
     SHARON DAY, an individual;
9    GERARD DOUGLAS, an individual;                 District Judge: Hon. Stephen V.
     and DOES 1 through 10, inclusive,             Wilson
10                                                  Courtroom: 10A
                    Defendants.                     Action Filed: May 7, 2025
11

12

13

14

15   GERARD DOUGLAS, an individual,

16              Counter-Plaintiff,

17
     CATALINA YACHTS, INC., a
18   California corporation; RUSSELL
     LANE BERNEY, as Trustee; JEAN
19   C. BUTLER, as Trustee, MICHAEL
     REARDON, an individual; and ROES
20   1 through 5, as Trustees, inclusive,

21
                Counter-Defendants.
22

23

24

25   **I.    ANSWER TO COMPLAINT OF PLAINTIFF CATALINA YACHTS,**

26   **INC.**

27          Defendant GERARD DOUGLAS, by and through his attorneys, The Law

28
                                          2

Offices of Daniel A. Kaplan and Panakos Law, APC hereby answers Plaintiff Catalina Yachts Inc.'s Complaint as follows:

1.     Defendant admits the allegations contained in paragraph 1 of the Complaint except page 1, lines 26- 28, which Defendant denies.

2.     Defendant lacks knowledge or information sufficient to form a belief about the allegations in paragraph 2 of the Complaint.

3.     Defendant denies the allegations contained in paragraph 3 of the Complaint except as to the allegations that Catalina is informed and believes that Day is currently a citizen of the State of Nevada about which Defendant lacks information sufficient to form a belief.

4.     Defendant denies the allegations contained in paragraph 4 except that Defendant admits that he is currently a resident of the State of Florida.

5.     Defendant denies the allegations contained in paragraph 5 except that Defendant admits that the amount in controversy exceeds $75,000.

6.     Defendant admits the allegations in paragraph 6.

7.     The allegations contained in paragraph 7 of the Complaint set forth a legal conclusion to which no response is required, and Defendant leaves Plaintiff to its proofs.

8.     Defendant admits the allegations in paragraph 8.

9.     Defendant admits the allegations in paragraph 9.

10.     Defendant lacks knowledge or information sufficient to form a belief about the allegations in paragraph 10 of the Complaint.

11.     Defendant admits the allegations of paragraph 11 except that he

denies that he left Catalina on or about January 15, 2021.

12.     Defendant admits the allegation of paragraph 12.

13.     The allegations contained in paragraph 13 of the Complaint set forth a legal conclusion to which no response is required, and Defendant leaves Plaintiff to its proofs.

14.     Paragraph 14 purports to quote from the operative contract at issue in this Action and therefore Defendant denies the allegations in this paragraph on the basis that the operative contract called the Bonus Compensation Agreement is attached to the complaint as an exhibit and contains terms in addition to those set forth in the complaint.

15.     Paragraph 15 purports to quote from the operative contract at issue in this Action and therefore Defendant denies the allegations in this paragraph on the basis that the operative contract is attached to the complaint as an exhibit and contains terms in addition to those set forth in the complaint.

16.     Defendant admits that he remained employed by Catalina beyond May 18, 2010, and denies the balance of paragraph 16 on the basis of lack of knowledge or information.

17.     Defendant denies the allegations set forth in paragraph 17 on the basis that it sets forth legal conclusions to which no response is required, and Defendant leaves Plaintiff to its proofs.

18.     Defendant denies the allegation of paragraph 18 on the basis that it is argumentative and sets forth legal conclusions to which no response is required, and Defendant leaves Plaintiff to its proofs.

///

ANSWER AND FIRST AMENDED COUNTERCLAIM OF DEFENDANT GERARD DOUGLAS

2:25-cv-04090-SVW-RAO

19.    Defendant denies the allegation of paragraph 19 on the basis that it is argumentative and sets forth legal conclusions to which no response is required and Defendant leaves Plaintiff to its proofs.

20.    Defendant lacks information and knowledge to admit to the statement in paragraph 20 which merely incorporates prior allegations into the first cause of action, each of which is addressed supra.

21.    As to paragraph 21, Defendant admits that there is an actual controversy, admits that Defendant is entitled to payment of the bonus under the terms of the Bonus agreement and denies that no bonus is due to Defendant from Plaintiff.

## A.    AFFIRMATIVE AND OTHER DEFENSES

### FIRST DEFENSE

The complaint fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

The complaint is barred by the applicable statute of limitations.

### THIRD DEFENSE

Plaintiff's claim is barred by its breach of contract.

### FOURTH DEFENSE

Plaintiff's claim is barred in whole or in part by its bad faith.

### FIFTH DEFENSE

Plaintiff's claim is barred by its fraud and/or misrepresentation.

### SIXTH DEFENSE

Plaintiff's claim is barred, in whole or in part, by the doctrine of estoppel.

### SEVENTH DEFENSE

Plaintiff's claim is barred, in whole or in part, by the doctrines of waiver and/or release.

///

ANSWER AND FIRST AMENDED COUNTERCLAIM OF DEFENDANT GERARD DOUGLAS

2:25-cv-04090-SVW-RAO

**EIGHTH DEFENSE**

Plaintiff's claim is barred, in whole or in part, by the doctrine of laches.

**NINTH DEFENSE**

Plaintiff's claim is barred, in whole or in part, by Plaintiff's own culpable conduct.

**TENTH DEFENSE**

Defendant reserves the right to assert additional defenses and/or supplement and amend this answer upon the discovery of more definite facts.

**WHEREFORE,** by reason of the foregoing, Defendant hereby respectfully requests the following relief:

1.    Dismissal of the complaint with prejudice;

2.    Reasonable attorneys' fees and costs of suit;

3.    Such other and further relief as this Court deems just and proper.

## II.  FIRST AMENDED COUNTERCLAIM PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 13 (b) and (h) AND Rule 20(a)(2)

Counter-Plaintiff Gerard Douglas (hereafter "Douglas"), by and through his attorneys, the Law Offices of Daniel A. Kaplan and Panakos Law APC, by way of Counterclaim alleges as follows:

### A.  NATURE OF THE ACTION

1.    This action arises out of a written bonus agreement that Counter-Defendant Catalina Yachts, Inc. (hereinafter "Catalina") and its founders Frank Butler and Counter-Defendant Jean C. Butler entered with Douglas in 2002 to secure his continued employment as the chief engineer and vice president of Catalina.

2.    Douglas's right to the bonus vested in May 2010 upon his

6

completion of seven and one-half years of employment following execution of the bonus agreement. He sought to obtain payment but was told by Catalina that the right to payment had not accrued. Further, Catalina implied a threat to terminate Douglas from his employment if he pursued payment of the bonus. Douglas forwent enforcement of the Bonus Compensation Agreement as a result.

3.      Douglas is informed and believes and on that basis alleges that in or about May 2025, Catalina entered into an agreement to sell all or substantially all of its operational assets to Michael Reardon and/or an entity related thereto, obligating Catalina to pay Douglas his bonus in an amount equal to five percent (5%) of Catalina's fair market value as of the date the bonus vested, or alternatively five percent (5%) of the amount of the sale, but in either event, not less than $1,000,000.

4.      Catalina has refused to pay the bonus on the basis that the purchase and sale did not include the sale of Catalina's stock.

5.      Catalina, and its shareholders acting through trustees of trusts holding the stock of Catalina breached or caused the breach of the Bonus Compensation Agreement.

6.      As a result of the foregoing, the Defendant seeks an award in an amount to be determined at trial of not less than one million dollars ($1,000,000), enhanced penalties pursuant to California Welfare and Institutions Code § 15657.6 and exemplary damages.

**B.    <u>THE PARTIES</u>**

7.      Defendant and Counter-Plaintiff Gerard Douglas (hereinafter "Douglas") is a resident of the state of Florida. At all times relevant hereto, Douglas was over the age of 65 years.

8.      Plaintiff and Counter-Defendant Catalina Yachts, Inc. is a California Corporation with its principal place of business in Los Angeles County,

1    California.

2         9.      Additional Counter-Defendant Russell Lane Berney (hereinafter

3    "Berney") is a resident of and maintains an office in Los Angeles, California, and

4    is sued herein in his capacity as Trustee of the Deborah Reese Irrevocable Trust

5    dated September 7, 2000; the Mary Linn Irrevocable Trust dated September 7,

6    2000, the Nancy Bear Irrevocable Trust dated September 7, 2000, and the David

7    Butler Irrevocable Trust dated September 7, 2000.

8         10.     Additional Counter-Defendant Jean C. Butler (hereinafter "Jean

9    Butler) is a resident of Los Angeles County and is sued herein in her personal

10   capacity and as Trustee of the Butler Family Trust dated January 30, 1979.

11        11.     Douglas is informed and believes and on that basis alleges that

12   Additional Counter-Defendant Michael Reardon (hereinafter "Reardon") is a

13   resident of the State of North Carolina.

14        12.     Douglas is informed and believes and thereon alleges that Additional

15   Counter-Defendants ROES 1-5 (hereinafter "Roes 1-5") were, is or are the

16   Trustees of the Jean Butler Grantor Retained Annuity Trust for the benefit of

17   Deborah Butler, Jean Butler Grantor Retained Annuity Trust for the Benefit of

18   Mary Butler, Jean Butler Grantor Retained Annuity Trust for the Benefit of

19   Nancy Butler; and the Jean Butler Grantor Retained Annuity Trust for the benefit

20   of David Butler.

21        13.     The true names and capacities, whether individual, corporate or

22   associate, or otherwise, of the Additional Counter-Defendants named herein as

23   Roes 1-5, inclusive, are unknown to Douglas who therefore sues said Defendants

24   by such fictitious names. Douglas will amend this Complaint to show their true

25   names and capacities when the same have been ascertained. Douglas is informed

26   and believes, and based upon such information and belief, alleges that all Counter

27   Defendants sued herein as Does are in some manner responsible for the acts

28

herein alleged.

### C.   <u>JURISDICTION</u>

14.    There is complete diversity of citizenship between Catalina, and Defendants Douglas and Sharon Day. The amount in controversy in this action, exclusive of interest and costs, is not less than $1,000,000 and thus exceeds the jurisdictional minimum of $75,000. Accordingly, this Court has jurisdiction over this action pursuant to 28 U.S.C § 1332.

15.    The Court has subject matter jurisdiction pursuant to 28 U.S.C § 1367(a) and Federal Rules of Civil Procedure 13(b) and (h) and 20(a)(2)(A) as to the Counter Action against Additional Counter-Defendants Berney, Jean Butler, and Roes 1-5 because they are Trustees of Trusts holding all stock in Catalina Yachts, Inc. and upon information and belief, devised and determined the terms of the sale of Catalina's operational assets to Reardon. Additional Counter-Defendants Berney and Roes 1-5 are persons who may be joined in this action because Counter-Plaintiff Douglas asserts a right to relief against them jointly, severally or in the alternative with respect to and arising out of the same transaction, occurrence, or series of transactions or occurrences, namely that the Bonus Compensation Agreement states that the sale of the stock held by said trusts is a condition precedent to the payment of the bonus to Douglas and, further, provides as an alternative trigger, the sale of all assets of Catalina. Douglas is informed and believes and on that basis alleges that Berney, Jean Butler and Roes 1-5 exercised the voting rights associated with the shares of stock held in trust to approve a sale transaction intended to avoid the obligation to pay Counter-Plaintiff Douglas the bonus pursuant to the Bonus Compensation Agreement.

16.    The Court has subject matter jurisdiction pursuant to 28 U.S.C § 1367(a) and Federal Rules of Civil Procedure 13(h) and 20(a)(2)(A) as to the

Counter Action against Additional Counter-Defendant Catalina Yachts, Inc. because a right to relief is asserted against it arising out of the purchase and sale of the assets of Catalina Yachts, Inc. and Counter-Plaintiff Douglas seeks an imposition of constructive trust over assets in Catalina Yachts, Inc.'s possession.

17.     Venue is proper in the Central District of California because a substantial part of the events or omissions giving rise to the claim occurred in Los Angeles County.

**D.    AGENCY**

18.     At all relevant times, each Counter-Defendant and Additional Counter-Defendant was the agent, servant, employee, partner, alter ego, subsidiary, or coconspirator of each of the other Counter and Additional Counter-Defendants, and the acts of each Counter and Additional Counter-Defendant were in the scope of such relationship. No conspiracy between Berney in his capacity as a member of the State Bar of California and a client is alleged or incorporated in this Counterclaim.

19.     In engaging in the conduct alleged in this Counterclaim, each Counter-Defendant knew the full extent of the other Counter-Defendants' involvement in the scheme and furthered such involvement through acts and omissions.

**E.    FACTS COMMON TO ALL CAUSES OF ACTION**

20.     Catalina is a manufacturer of fiberglass monohull, sloop rigged sailboats ranging in size from eight to 54 feet in length. It was founded in 1969 by Frank Butler. Catalina hired Douglas in 1976 as an engineer. He was employed at Catalina's office and manufacturing facility located in Woodland Hills, California. During his employment, Douglas was the principal designer of the "Catalina 36," and other popular models manufactured by Catalina.

21.     By November 2002, Douglas had been employed at Catalina for

ANSWER AND FIRST AMENDED COUNTERCLAIM OF DEFENDANT GERARD DOUGLAS

2:25-cv-04090-SVW-RAO

more than 25 years. Catalina wished to retain him as an employee due to the success of his yacht designs.

22.    Catalina, Frank Butler, and Jean Butler offered Douglas a Bonus Compensation Agreement by which he could earn a bonus of five percent of the fair market value of Catalina as determined by an independent appraiser, with a minimum of not less than $1,000,000, if he remained employed for a period of 7.5 years following execution of the Bonus Compensation Agreement (hereinafter "Vesting Period").

23.    On or about November 18, 2002, Catalina, by and through its President Frank Butler, Frank Butler individually, Jean Butler individually, and Douglas executed the Bonus Compensation Agreement, a true and correct copy of which is attached hereto as Exhibit A and incorporated herein as if set forth in full.

24.    In or about 2008, Douglas was asked by Catalina to relocate to Largo, Florida where Catalina had moved its design and manufacturing facility. Douglas agreed and did relocate to the State of Florida, where he continued his employment with Catalina indefinitely.

25.    Douglas remained employed with Catalina for the duration of the Vesting Period at which time Douglas had earned the bonus in an amount to be determined (hereinafter, "Vested Bonus"). Thereafter, Douglas requested that Catalina pay the Vested Bonus in an amount of five percent of the fair market value of Catalina unreduced by discounts such as marketability and lack of control.

26.    Douglas is informed and believes and thereon alleges that Catalina and its agents refused to engage and has continued to refuse to engage an appraiser to determine the fair market value of Catalina and refused to pay Douglas the bonus on the premise that payment was not due until a sale of all

ANSWER AND FIRST AMENDED COUNTERCLAIM OF DEFENDANT GERARD DOUGLAS

2:25-cv-04090-SVW-RAO

stock in Catalina had occurred. Further, Frank Butler, acting as an agent on behalf of Catalina, made statements implying to Douglas in person that if he pursued his bonus payment, he would be terminated from his employment at Catalina.

27.    Douglas continued his employment at Catalina based on Catalina's representation that the Vested Bonus was not yet payable and under duress caused by the threat of termination of his employment if he sought to enforce his contractual rights.

28.    At various times, Frank Butler, in his capacity as president of Catalina, reaffirmed its obligation to pay Douglas a bonus under the Bonus Compensation Agreement. Based upon these representations, Defendant continued his employment at Catalina. Defendant retired from Catalina on or about January 15, 2021. Berney affirmed that the Butlers would honor their commitment under the Bonus Compensation Agreement, including by phone on January 14, 2022. From time to time, Jean Butler reaffirmed a commitment to pay the bonus to Douglas, including by telephone on February 1, 2022.

29.    Douglas is informed and believes and on that basis alleges that on April 23, 2025, at the direction of Berney, Jean Butler and Roes 1-5, Catalina entered into an Asset Purchase Agreement and accompanying agreements with Michael Reardon whereby Reardon acquired all assets used in or useful to Catalina's operations and assumed some liabilities of Catalina.

30.    Douglas was not a party to the Asset Purchase Agreement, did not provide consent to release Catalina from its obligations under the Bonus Compensation Agreement, and did not enter into any novation substituting Reardon as the sole obligor in place of Catalina and Jean C. Butler. Accordingly Catalina and Jean C. Butler remain fully liable for their obligations under the Bonus Compensation Agreement. Reardon is jointly and severally liable to Douglas as the assumer of Catalina's liabilities.

ANSWER AND FIRST AMENDED COUNTERCLAIM OF DEFENDANT GERARD DOUGLAS
2:25-cv-04090-SVW-RAO

31.     Douglas is further informed and believes and on the basis alleges that the purchase and sale was structured to avoid triggering the obligation to pay Douglas the Vested Bonus by purporting to sell less than all of Catalina's assets and none of its stock.

32.     Douglas is further informed and believes and on that basis alleges that as a result of Catalina's sale of all operational assets, aside from real estate, Catalina became obligated by the terms of the Bonus Compensation Agreement to pay Douglas the Vested Bonus.

## COUNT ONE

BREACH OF CONTRACT

(Against Catalina and Michael Reardon)

33.     Douglas repeats and restates the allegations contained in the prior paragraphs of this counterclaim as if set forth fully herein.

34.     Catalina and Douglas entered into the Bonus Compensation Agreement.

35.     The bonus vested upon Douglas's continued employment for seven and a half years following execution of the Bonus Compensation Agreement.

36.     Douglas performed the obligations, covenants and conditions required of him under the Bonus Compensation Agreement, except to the extent that any such obligations, covenants, or conditions have been excused, prevented or waived by Catalina's acts or omissions.

37.     Catalina was obligated to determine the value of and pay the bonus upon vesting.

38.     Catalina has breached the Bonus Compensation agreement by failing to select an appraiser, have the appraiser determine the amount of Douglas's bonus based on Catalina's fair market value and paying Douglas a bonus of five percent (5%) of Catalina's fair market value, or one million dollars ($1,000,000),

ANSWER AND FIRST AMENDED COUNTERCLAIM OF DEFENDANT GERARD DOUGLAS
2:25-cv-04090-SVW-RAO

1    whichever is greater.

2        39.    Catalina's breach of the Bonus Compensation Agreement is ongoing

3    and continuing.

4        40.    Reardon is jointly and severally liable for the payment of the

5    amounts due to Douglas under the Bonus Compensation Agreement.

6        41.    As a direct and proximate result of Catalina's actions, Douglas has

7    suffered and will continue to suffer damages in an amount to be proven at trial but

8    not less than one million dollars ($1,000,000).

9                        **<u>COUNT TWO</u>**

10                       BREACH OF CONTRACT

11              (Against Catalina, Jean C. Butler and Michael Reardon)

12        42.    Douglas repeats and restates the allegations contained in the prior

13    paragraphs of this counterclaim as if set forth more fully herein.

14        43.    Catalina and Douglas entered into the Bonus Compensation

15    Agreement.

16        44.    Douglas continued his employment with Catalina for seven and a

17    half years following execution of the Bonus Compensation Agreement thereby

18    earning the full amount of the bonus due to him.

19        45.    Douglas performed the obligations, covenants and conditions

20    required of him under the Bonus Compensation Agreement, except to the extent

21    that any such obligations, covenants, or conditions have been excused, prevented

22    or waived by Catalina's acts or omissions.

23        46.    Douglas is informed and believes and on that basis alleges Catalina

24    has breached and continues to breach the Bonus Compensation Agreement by

25    failing to pay Douglas as bonus five percent (5 %) of the value of the assets of

26    Catalina sold to Reardon or one million dollars ($1,000,000), whichever is

27    greater.

28

47.    Douglas is informed and believes and on that basis alleges that Jean C. Butler failed to provide the notification to Reardon required by Paragraph III of the Bonus Compensation Agreement, which is incorporated herein by reference, and is therefore personally liable to Douglas for the obligations imposed by that Agreement.

48.    Catalina, Jean C. Butler and Reardon's breach of the Bonus Compensation Agreement is ongoing and continuing.

49.    As a direct and proximate result of Catalina, Jean C. Butler and Reardon's actions, Douglas has suffered and will continue to suffer damages in an amount to be proven at trial.

<u>**COUNT THREE**</u>

BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING

(Against Catalina)

50.    Douglas repeats and restates the allegations contained in the prior paragraphs of this counterclaim as if set forth more fully herein.

51.    In entering into the Bonus Compensation Agreement, Catalina provided Douglas an implied covenant of good faith and fair dealing.

52.    Douglas is informed and believes and on that basis alleges that Catalina structured the purported sale of Catalina in May 2025 as a partial asset sale to prevent Douglas from recovering payment of the Vested Bonus that would have occurred if Catalina had sold its stock to the acquirer of its assets

53.    Douglas is informed and believes that by intentionally structuring the sale as a partial asset sale rather than a stock sale, Catalina has by its own act made its performance of the obligation to pay the Vested Bonus impossible, and that by doing so, Douglas's right to receive a bonus has been frustrated.

54.    As a result of Catalina's breach of the implied covenant of good faith and fair dealing, Catalina has caused damage to Douglas in an amount to be

proven at trial of not less than one million dollars ($1,000,000).

## COUNT FOUR

PROMISSORY ESTOPPEL

(Against Catalina)

55.     Douglas repeats and restates the allegations contained in the prior paragraphs of this counterclaim as if set forth more fully herein.

56.     Catalina made numerous oral and written representations that Douglas would receive a bonus equal to five percent of the fair market value or of the sale of stock of Catalina, as appropriate, and not less than one million dollars if he continued his employment with Catalina from 2002. Frank Butler and Jean Butler confirmed in oral representations on behalf of Catalina that Douglas would be and was entitled to a bonus payment as a result of his continued employment with the Catalina.

57.     Douglas relied on the oral and written representations to his detriment. He continued his employment with Catalina, moved to the state of Florida, forwent seeking alternative employment or business arrangements, planned his retirement on the assumption that he would receive additional compensation in the form of the Vested Bonus, and forwent commencing legal action against Catalina due to its repeated assurances that he would be paid the Vested Bonus.

58.     As a result of Catalina's promises, Douglas has suffered special and general damages in an amount according to proof at trial but not less than one million dollars ($1,000,000).

///

///

///

///

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## COUNT FIVE

ELDER FINANCIAL ABUSE CAL. WELF & INST CODE § 15610.30 AND
15657.6

(Against Catalina, Berney, Jean Butler and Roes 1-5)

59.    Douglas repeats and restates the allegations contained in the prior
paragraphs of this counterclaim as if set forth fully herein.

60.    In or about April or May 2025, Catalina, by deceiving Defendant
through fraudulent representations, took, appropriated, or obtained, personal
property of Douglas, an elder, for a wrongful use or with intent to defraud, or
both.

61.    Catalina, Berney, Jean Butler and Roes 1-5 retained the personal
property of Douglas, an elder, for wrongful use or with intent to defraud, or both.

62.    Catalina, Berney, Jean Butler and Roes 1-5 refused to pay Douglas
when demanded and entered into a transaction to deprive Douglas of his right and
ability to obtain his property.

63.    Douglas demanded the payment appropriated from him by Catalina,
Berney, Jean Butler and Roes 1-5 with intent to defraud.

64.    Catalina, Berney, Jean Butler and Roes 1-5 knew or should have
known the taking would be harmful to an elder.

65.    Douglas has been damaged in the amount of the unpaid bonus but
not less than one million dollars ($1,000,000).

66.    Catalina, Berney, Jean Butler and Roes 1-5 and its agents acted
willfully, maliciously, and oppressively, and with full knowledge of the effect of
its actions on Douglas, and with deliberate disregard for the consequences to him.
Accordingly, an award of punitive damages against them is appropriate.

///

///

ANSWER AND FIRST AMENDED COUNTERCLAIM OF DEFENDANT GERARD DOUGLAS

2:25-cv-04090-SVW-RAO

## COUNT SIX

FRAUDULENT TRANSFER OF ASSETS

(Against Catalina and Reardon)

67.    Douglas realleges and incorporates by reference all allegations contained in the preceding paragraphs as if fully set forth herein.

68.    At all times relevant hereto, Catalina was a debtor of Douglas ("Creditor") by virtue of his entitlement to bonus compensation in the amount of not less than $1,000,000 that vested on May 18, 2010, pursuant to the Bonus Compensation Agreement.

69.    Douglas is informed and believes and on that basis alleges that in or about April or May 2025, while Catalina was indebted to Douglas and other creditors, Catalina made a transfer of substantially all of its assets to Reardon and/or an entity associated therewith.

70.    Douglas is informed and believes and on that basis alleges that the assets transferred included equipment, inventory, accounts receivable, intellectual property, and manufacturing equipment with a fair market value exceeding the consideration provided.

71.    Douglas is informed and believes and on that basis alleges that in exchange for these assets, Catalina received consideration that did not constitute reasonably equivalent value for the assets transferred.

72.    Douglas is informed and believes and on that basis alleges the transfer was made with actual intent to hinder, delay, or defraud Douglas.

73.    Douglas is informed and believes and on that basis alleges that in the alternative, the transfer is voidable because Catalina made the transfer without receiving reasonably equivalent value in exchange for the transfer; and Catalina was insolvent at the time or became insolvent as a result of the transfer.

///

# COUNT SEVEN

## SPECIFIC PERFORMANCE OF CONTRACT

### (Against Catalina)

74.     Douglas realleges and incorporates by reference all allegations contained in the preceding paragraphs as if fully set forth herein.

75.     The Bonus Compensation Agreement between Catalina and Douglas is a valid and enforceable employment. The bargained for performance of job duties for a period of seven and one-half years following execution constitutes adequate consideration for the Bonus Compensation Agreement.

76.     Douglas performed his obligations by continuing his employment for seven and one-half years and designing commercially successful yacht models for Plaintiff.

77.     Catalina has breached the contract by failing to engage an appraiser as required by the terms of the Bonus Compensation Agreement and to pay the Vested Bonus.

78.     Douglas has no adequate remedy at law.

79.     Legal remedies are inadequate to compensate Douglas.

80.     Monetary damages alone are inadequate because Catalina's fair market value has not been determined, making it impossible to calculate the exact amount of the bonus owed to Defendant.

81.     Douglas seeks a declaration that Catalina is obligated to engage an appraiser to determine the fair market value of Catalina as of May 2010 and pay the Vested Bonus.

# COUNT EIGHT

## INTENTIONAL INTERFERENCE WITH CONTRACT

### (Against Berney, Jean C. Butler (as trustee) and Roes 1-5)

82.     Douglas realleges and incorporates by reference all allegations

19

1  contained in the preceding paragraphs as if fully set forth herein.

2      83.    A valid contract existed between Douglas and Catalina in the form

3  of the Bonus Compensation Agreement.

4      84.    Douglas is informed and believes and on that basis alleges that

5  Berney, Jean Butler, and Roes 1-5 in their capacity as Trustees, had knowledge of

6  the existence of the Bonus Compensation Agreement between Douglas and

7  Catalina.

8      85.    Douglas is informed and believes and on that basis alleges Berney,

9  Jean Butler, and Roes 1-5 intentionally induced or caused Catalina to breach the

10  Bonus Compensation Agreement.

11      86.    Douglas is informed and believes and on that basis alleges Berney,

12  Jean Butler and Roes 1-5 accomplished this by structuring the asset sale

13  transaction between Catalina and Reardon in a manner designed to avoid payment

14  of the Vested Bonus to Douglas.

15      87.    Douglas is informed and believes and on that basis alleges as a result

16  of Berney, Roes 1-5 and Jean Butler's interference, Douglas has suffered damage

17  in the form of the unpaid Vested Bonus.

18      88.    Berney, Jean Butler and Roes 1-5's actions were without

19  justification and were done with knowledge that interference with the contractual

20  relationship was substantially certain to occur.

21                          **<u>COUNT NINE</u>**

22                          DECLARATORY RELIEF

23              (Against Catalina, Reardon and Jean C. Butler)

24      89.    Douglas realleges and incorporates by reference all allegations

25  contained in the preceding paragraphs as if fully set forth herein.

26      90.    An actual controversy has arisen and now exists between Douglas

27  and Reardon, Jean C. Butler and Catalina concerning their respective rights and

28

ANSWER AND FIRST AMENDED COUNTERCLAIM OF DEFENDANT GERARD DOUGLAS

2:25-cv-04090-SVW-RAO

1  duties under the Bonus Compensation Agreement.

2  91.    Douglas contends that he is entitled to be paid the Vested Bonus

3  from Catalina

4  92.    Catalina contends that the asset sale transaction relieves Catalina of

5  any obligation to pay the bonus owed to Douglas.

6  93.    Douglas desires a judicial determination of his rights and duties, and

7  a declaration as to whether he is entitled to receive the bonus under the Bonus

8  Compensation Agreement.

9  94.    Douglas desires a judicial determination that Reardon, Jean C. Butler

10  and Catalina are jointly and severally liable for payment of the bonus due under

11  the Bonus Compensation Agreement to Douglas.

12  95.    A judicial declaration is necessary and appropriate at this time under

13  the circumstances in order that Douglas may ascertain his rights and duties under

14  the Bonus Compensation Agreement.

15  ### COUNT TEN

16  UNJUST ENRICHMENT

17  (Against Catalina, Berney, Jean C. Butler and Roes 1-5)

18  96.    Douglas repeats and realleges by reference all allegations contained

19  in the preceding paragraphs as if fully set forth herein.

20  97.    Catalina has failed and refused to pay Douglas the Vested Bonus.

21  98.    Douglas is informed and believes that Catalina has paid monies due

22  to him to the Trustees for the benefit of the beneficiaries thereof.

23  99.    Douglas is informed and believes and thereon alleges Catalina has

24  also been unjustly enriched by retaining monies without paying Douglas the

25  Vested Bonus.

26  100.    Equity and good conscience require the imposition of a constructive

27  trust over the assets transferred to or in the possession of Catalina, Berney, Jean

28

Butler, and Roes 1-5 to ensure that Douglas receives the compensation to which he is entitled.

101. Accordingly, Douglas seeks an award of all benefits that have been conferred upon Berney, Jean Butler and Roes 1-5 by which they have been unjustly enriched in an amount to be determined at trial but not less than one million dollars ($1,000,000).

## COUNT ELEVEN

### ACCOUNTING

(Against Catalina)

102. Douglas realleges and incorporates by reference all allegations contained in the preceding paragraphs as if fully set forth herein.

103. The amount of money due from Catalina to Douglas is unknown to Douglas and cannot be ascertained without an accounting of the fair market value of Catalina, Douglas is informed and believes and thereon alleges that the amount owed to him, however, exceeds the sum of one million dollars ($1,000,000).

104. Douglas has demanded that Catalina account for the aforementioned values and pay the amount due to Douglas, but Catalina has refused, and continues to fail and refuse, to render the accounting and pay plaintiff.

## PRAYER FOR RELIEF

WHEREFORE, Counter-Plaintiff Gerard Douglas respectfully requests that this Court enter judgment as follows on the First Amended Counterclaim:

1. For damages in an amount to be proven at trial but not less than one million dollars ($1,000,000) for which Counter-Defendants are jointly and severally liable;

2. For enhanced penalties and punitive damages as provided by California Welfare and Institutions Code §§ 15610.30, 15657.5 and 15657.6;

3. A declaration that the transfer of assets from Catalina Yachts, Inc. to

Reardon constituted a voidable transfer under California Civil Code §§ 3439 et seq., an order avoiding the transfer to the extent necessary to satisfy Douglas's claim; an order of attachment or other provisional remedy against the assets transferred; and an accounting of all assets transferred;

4.     An order requiring Catalina to engage an independent appraiser to determine the fair market value of Catalina Yachts, Inc and make payment to Douglas of an amount equal to five percent (5%) of said fair market value;

5.     A judicial declaration that Douglas is presently entitled to receive the bonus as stipulated in the Bonus Compensation Agreement and joint and several liability therefore among Counter-Defendants Catalina, Reardon and Jean C. Butler in her individual capacity;

6.     An order of Restitution of all benefits conferred upon Berney, Jean C. Butler and Roes 1-5, in their capacity as trustees, in an amount to be proven at trial but not less than $1,000,000 and imposition of a constructive trust over assets transferred to or in possession of any party to secure payment of the bonus owed to Douglas;

7.     For an accounting between Douglas and Catalina.

8.     Pre-judgment and post-judgment interest at the legal rate;

9.     Reasonable attorneys' fees and costs of suit; and,

10.     Such other and further relief as this Court deems just and proper.

## **DEMAND FOR TRIAL BY JURY**

Douglas hereby demands a trial by jury on all issues that are so triable.

///

///

///

///

///

ANSWER AND FIRST AMENDED COUNTERCLAIM OF DEFENDANT GERARD DOUGLAS

2:25-cv-04090-SVW-RAO

1

2   Dated:   August 8, 2025            **LAW OFFICES OF DANIEL A. KAPLAN**

3

4                                      By:     */s/ Daniel A. Kaplan*

5                                              Daniel A. Kaplan
                                               Attorneys for Defendant and
6                                              Counter-Plaintiff
                                               GERARD DOUGLAS
7

8   Dated:   August 8, 2025            **PANAKOS LAW, APC**

9

10                                     By:     */s/ Veronica E. McKnight*

11                                             Veronica E. McKnight
                                               Attorneys for Defendant and
12                                             Counter-Plaintiff
                                               GERARD DOUGLAS
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ANSWER AND FIRST AMENDED COUNTERCLAIM OF DEFENDANT GERARD DOUGLAS

2:25-cv-04090-SVW-RAO