**SHUMAKER, LOOP & KENDRICK, LLP**
Steven M. Berman (SBN 256846)
sberman@shumaker.com
101 East Kennedy Boulevard, Suite 2800
Tampa, Florida 33602
Telephone: (813) 229-7600
Facsimile: (813) 229-1660

Attorneys for Defendant
SHARON DAY

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| CATALINA YACHTS, INC., a California corporation,<br><br>       Plaintiff,<br><br>       v.<br><br>SHARON DAY, an individual; GERARD DOUGLAS, an individual; and DOES 1 through 10, inclusive,<br><br>       Defendant.<br>―――――――――――――<br>AND RELATED COUNTERCLAIMS | Case No. 2:25-cv-04090-SVW-RAO<br><br>Assigned to The Hon. Stephen V. Wilson<br><br>**SHARON DAY'S RESPONSE TO MOTION TO DISMISS COUNT FOUR OF SHARON DAY'S COUNTERCLAIM (Doc. 65, amended by Doc. 69)**<br><br>Action Filed:  May 7, 2025<br>Trial Date:     January 6, 2026<br>Hearing Date:  October 20, 2025, 1:30 p.m. |

### RESPONSE IN OPPOSITION TO COUNTER-DEFENDANTS' MOTION TO DISMISS COUNT FOUR OF SHARON DAY'S COUNTERCLAIM

Counter-Plaintiff Sharon Day ("Day"), by and through her undersigned counsel, hereby files this response in opposition to the *Counter-Defendants Catalina Yachts, Inc.'s, Russell Lane Berney's, and Jean C. Butler's Notice of Motion and Motion to Dismiss Gerard Douglas' Counterclaim and Count Four of Sharon Day's Counterclaim* [Doc. 65, as amended by Doc. 69] (the "Motion to Dismiss") and states as follows:

## BACKGROUND

1.    On July 28, 2025, Day filed her Counterclaims as against Counter-Defendants Catalina Yachts, Inc. ("Catalina" or the "Transferor") and Michael Reardon ("Reardon" or the "Transferee" and, with Catalina, the "Counter-Defendants") as part of Day's *Answer and Counterclaims of Defendant Sharon Day* [Doc. 46] (the "Counterclaims").

2.    In Count Four of her Counterclaims ("Count Four"), Day asserted a fraudulent transfer claim against Catalina and Reardon (the "Claim") under California Civil Code §§ 3439.04 et seq. ("CUVTA").  *See* Doc. 46, at 14-16.

3.    Consistent with the provisions of CUVTA, Count Four alleges that, while Catalina was indebted to Day, Catalina purported to transfer all of the assets used and/or useful in the operation of its business to Reardon and/or an entity associated with Reardon (the "Transfer"), with the intent to hinder, delay, or defraud Day.  *See* Doc. 46, at 15.

4.    Count Four further alleges that Catalina failed to receive reasonably equivalent value in exchange for the Transfer and that Catalina was left with unreasonably small assets in relation to the transaction.  *See* Doc. 46, at 15.

5.    Counter-Defendants moved to dismiss Count Four of the Counterclaims, asserting the following grounds for dismissal:

> (i)   "Day attempts to plead her fraudulent transfer claim with vague 'information and belief' allegations that fail to meet the Rule 9(b) pleading requirements";

> (ii)  Day "seeks either a double recovery against Catalina or an impossible remedy that would compel Catalina to cause Reardon to transfer back Catalina's property"; and

> (iii) Count Four is "not a claim that lies against Catalina."

Doc. 65, at 17.

6.      Each of these arguments is unavailing.  Rule 9(b) does not bar Day's Claim, as fraudulent transfer causes of action under CUVTA are not traditional fraud claims and, in any event, may be pleaded on information and belief where the facts lie peculiarly within the knowledge of the transferor and transferee.  Day adequately identified the parties to the Transfer, (Doc. No. 46, p. 11, ¶ 26), the nature of the assets transferred, (*id*., pp. 11-12, ¶¶ 26, 28; p. 15, ¶¶ 52-55), and the lack of reasonably equivalent value, (*id*., p. 15, ¶¶ 52-55), which satisfies the applicable pleading standard.

7.      Nor does Count Four seek an impermissible "double recovery" or an "impossible remedy."  CUVTA expressly authorizes remedies against both the transferor and the transferee, so long as the creditor does not recover more than the amount of its claim.

8.      Moreover, CUVTA does not "compel Catalina to cause Reardon to transfer back" the property.  Instead, it affords the Court broad equitable powers to avoid the Transfer, issue provisional remedies, or enter a money judgment, ensuring that effective relief is available against both Counter-Defendants.

9.      Finally, Counter-Defendants' assertion that no claim may lie against Catalina as the transferor again misconstrues the statutory framework.  CUVTA expressly contemplates actions against the debtor-transferor as well as against the transferee, since the transferor effectuates the challenged transaction and remains liable on the underlying debt.  Courts routinely permit both transferor and transferee to be named as defendants in fraudulent transfer actions, recognizing that each plays a distinct role in the transfer and may be subject to appropriate relief under the statute.

## ARGUMENT AND AUTHORITIES

### I.      Standard of Review

Pursuant to Federal Rule of Civil Procedure 8(a)(2), a plaintiff must plead a short and plain statement of the claim showing it is entitled to relief in order to "give the defendant fair notice of

what the … claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). "[T]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Twombly*, 550 U.S. at 570). A court may draw on its experience and common sense when considering a motion to dismiss for failure to state a cause of action. *Id.* at 679.

## II.    Count Four is adequately pled under Rule 8 and, to the extent it applies, Rule 9(b).

"Courts are to liberally construe California's [UVTA] 'with a view of effecting [its] purpose.' [Its] purpose 'undoubtedly is to prevent debtors from placing property which legitimately should be available for the satisfaction of demands of creditors beyond [creditors'] reach.'" *Blue Line Foodservice Distribution, Inc. v. Cathcart*, No. 24-CV-1250-W-MMP, 2025 WL 1265859, at 6 (S.D. Cal. Apr. 30, 2025) (*citing Tatung Co., Ltd. v. Shu Tze Hsu*, 217 F. Supp. 3d 1138, 1186 (C.D. Cal. 2016) (*quoting Borgfeldt v. Curry*, 25 Cal. App. 624, 144 P. 976 (1914))). "In general, a voidable transaction is 'a transfer by the debtor of property to a third person undertaken with the intent to prevent a creditor from reaching that interest to satisfy its claim." *Blue Line*, 2025 WL 1265859, at 6 (*citing Tatung Co. Ltd.*, 217 F. Supp. 3d at 1186-87 (*quoting Kirkeby v. Super. Ct. of Orange Cty.*, 33 Cal. 4th 642, 15 Cal.Rptr.3d 805, 93 P.3d 395 (2004)). "Whether a conveyance was made with fraudulent intent is a question of fact, and proof often consists of inferences from the circumstances surrounding the transfer." *Blue Line*, 2025 WL 1265859, at 6 (*quoting Filip v. Bucurenciu*, 129 Cal. App. 4th 825, 834, 28 Cal.Rptr.3d 884 (2005)).

Here, even absent the benefit of discovery, Day has alleged facts that meet even the Rule 9(b)'s heightened pleading standard. California Civil Code § 3439.04(b) sets forth the following eleven statutory "badges of fraud" indicating fraudulent intent:

(1) Whether the transfer or obligation was to an insider;
(2) Whether the debtor retained possession or control of te property transferred after the transfer;
(3) Whether the transfer or obligation was disclosed or concealed;
(4) Whether before the transfer was made or obligation was incurred, the debtor had been sued or threatened with suit;
(5) Whether the transfer was of substantially all the debtor's assets;
(6) Whether the debtor absconded;
(7) Whether the debtor removed or concealed assets;
(8) Whether the value of the consideration received by the debtor was reasonably equivalent to the value of the asset transferred or the amount of the obligation incurred;
(9) Whether the debtor was insolvent or became insolvent shortly after the transfer was made or the obligation was incurred;
(10)    Whether the transfer occurred shortly before or shortly after a substantial debt was incurred; and
(11)    Whether the debtor transferred the essential assets of the business to a lienor that transferred the assets to an insider of the debtor.

Far from merely reciting statutory elements, Day alleged more than sufficient facts describing the circumstances of the Transfer, which unquestionably indicate fraudulent intent. Day alleged the terms of and circumstances surrounding the Bonus Compensation Agreement, attached to the Counterclaims as Exhibit 1, which demonstrate fraudulent intent and implicate badges (5), (8), (9), and (11). *See* Doc. 46, ¶¶ 10-17. For example, paragraphs 26, 28, and 52 allege Catalina transferred substantially all of its assets in the deal it made with Mr. Reardon. *See* Cal. Civ. Code § 3439.04(b)(5); (Doc. 46, ¶¶ 26, 28, 52). Paragraph 28 alleges the value Catalina received in the transfer from Mr. Reardon was *not* reasonably equivalent to the value of the asset transferred. *See* Cal. Civ. Code § 3439.04(b)(8); (Doc. 46, ¶¶ 28, 54). Paragraph 55 alleges Catalina's transaction to sell its assets to Mr. Reardon left it with unreasonably small remaining assets, and paragraphs 26-28 allege that Catalina structured the transfer to avoid triggering the obligation to pay Day by purporting to sell substantially all of its assets yet leaving no assets useful in the operation of its business and thereby leaving it insolvent. *See* Cal. Civ. Code § 3439.04(b)(9); (Doc. 46, ¶ 26, 27, 28 55). Day also alleges the timing of her retirement, on December 2, 2024—shortly before Catalina's sale of assets on April 23, 2025— demonstrates Catalina transferred its assets shortly

after a substantial debt was incurred.  *See* Cal. Civ. Code § 3439.04(b)(10); (Doc. 46, ¶ 24, 26). .  In other words, Day has plausibly alleged Catalina intentionally structured the sale of substantially all of its assets to leave Catalina insolvent or without sufficient assets to pay the amount owed to Day, and the timing of this transfer plausibly suggests Catalina did so with the intent to hinder and delay its obligation to pay Day.  Furthermore, these allegations, along with the allegations that Catalina and its agents repeatedly informed Day during and after her employment that she would be paid under her Bonus Compensation Agreement, also plausibly suggest Catalina made the transfer of its assets to defraud Day and avoid paying its obligation owed to her.

**III.**         At this stage, Day is simply not required to prove her claims in the Counterclaims, nor is she required to plead each element with the precision of an evidentiary showing.  Day's allegations go well beyond conclusory assertions and, as to actual fraud under Rule 9(b)'s standard, provide requisite particularity  The fraudulent transfer claim also presents an alternative theory for recovery here.  Catalina owes Day the Bonus Compensation under the Agreement, yet has breached the Agreement by not performing.  Alternatively, Catalina's transfer of assets— without receiving reasonably equivalent value—resulted in its insolvency and lack of assets to satisfy its obligation, which also supports Day's claim for recovery against Catalina.**Day neither seeks a double recovery against Catalina nor to compel Catalina to cause Reardon to transfer back Catalina's property.**

Counter-Defendants improperly conflate pursuing both liable parties with collecting twice. UVTA expressly permits remedies against Catalina, as the transferor.  *See* Cal. Civ. Code §§ 3439.07, 3439.08.  Here, while Day may not recover for both, she can elect her remedies following judgment, and consequently, she may pursue both avoidance of the Transfer and a money judgment against Catalina at this stage in the litigation.  That is not a double recovery; it is alternative or cumulative remedies, with the safeguard that Day may not collect more than the amount of the claim.

Additionally, as stated hereinabove, UVTA affords the Court broad equitable powers to avoid the Transfer, and Day does not seek "to compel Catalina to cause Reardon" to do anything.

SHARON DAY'S RESPONSE TO MOTION TO DISMISS

**IV.    Count Four is a claim that lies against both Catalina and Reardon.**

"The purpose of the UVTA is to prevent debtors from placing, beyond the reach of creditors, property that should be made available to settle a debt." *Chen v. Berenjian*, 33 Cal. App. 5th 811, 817, 245 Cal.Rptr.3d 378 (2019). Here, Catalina, with actual or constructive fraudulent intent, transferred its useful assets to Reardon, or to an entity associated with Reardon, in order to place those assets beyond the reach of Day. *See* Doc. 46. Cal Civ. Code § 3439.07(a)(3)(C) sets forth that the court is empowered to award "[a]ny other relief the circumstances may require," which certainly may implicate Catalina because Catalina effectuated the Transfer, and, therefore, remains the obligor on the debt. *See, e.g., Filip v. Bucurenciu*, 129 Cal. App. 4th 825, 28 Cal. Rptr. 884 (2005).

CONCLUSION

In light of the foregoing, Sharon Day respectfully submits that this Court should deny the Counter-Defendants' Motion to Dismiss.


DATED:  September 29, 2025          SHUMAKER, LOOP & KENDRICK, LLP


By:  /s/ Steven M. Berman
     Steven M. Berman
     Attorney for Defendant SHARON DAY

1

## **CERTIFICATE OF COMPLIANCE**

2      The undersigned, counsel of record for Defendant/Counter-Claimant, Sharon Day,

3   certifies that this brief contains 1,920 words, which:

4

5      X  Complies with the word limit of L.R. 11-6.1.

6

7      ☐  Complies with the word limit set by court order dated _____.

8

9

10   Dated:  September 29, 2025

11

12                                        _/s/ Steven M. Berman_____
                                         Steven M. Berman
13                                        Attorneys for Defendant/Counter-Claimant,
                                         Sharon Day
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28