1   **THE LAW OFFICES OF**          **PANAKOS LAW, APC**
    **DANIEL A. KAPLAN**            Aaron D. Sadock Esq. (SBN 282131)
2   Daniel A. Kaplan (SBN 179517)   Veronica E. McKnight, Esq. (SBN
3   555 West Beech Street, Suite 500 306562)
    San Diego, CA 92101             555 West Beech Street, Suite 500
4   Tel: (619) 685-3988             San Diego, California 92101
    Fax: (619) 684-3239             Telephone: (619) 800-0529
5   Email: dkaplan@danielkaplanlaw.com  Email: asadock@panakoslaw.com
6                                   Email: bmcknight@panakoslaw.com
7
    Attorneys for Defendant and Counter-Plaintiff GERARD DOUGLAS
8
9                    **UNITED STATES DISTRICT COURT**
10                   **CENTRAL DISTRICT OF CALIFORNIA**
11                      **LOS ANGELES DIVISION**

12   CATALINA YACHTS, INC., a          Case No. 2:25-cv-04090-SVW-RAO
     California corporation,
13
14            Plaintiff,              **MEMORANDUM OF POINTS AND**
                                      **AUTHORITIES IN SUPPORT OF**
          v.                          **GERARD DOUGLAS'S**
15                                    **OPPOSITION TO COUNTER-**
16   SHARON DAY, an individual;       **DEFENDANTS CATALINA**
     GERARD DOUGLAS, an individual;   **YACHTS, INC.'S, RUSSELL LANE**
17   and DOES 1 through 10, inclusive, **BERNEY'S, AND JEAN C.**
                                      **BUTLER'S MOTION TO DISMISS**
18            Defendants.             **GERARD DOUGLAS'S**
19   GERARD DOUGLAS, an individual,   **COUNTERCLAIM**
20            Counter-Plaintiff,      Date: October 20, 2025
21                                    Time: 1:30 p.m.
22   CATALINA YACHTS, INC., a
     California corporation; RUSSELL  District Judge: Hon. Stephen V.
23   LANE BERNEY, as Trustee; JEAN    Wilson
     C. BUTLER, as Trustee, MICHAEL   Courtroom: 10A
24   REARDON, an individual; and ROES
25   1 through 5, as Trustees, inclusive,  Action Filed: May 7, 2025
                                      Trial Date: January 6, 2026
26            Counter-Defendants.
27

28

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF GERARD DOUGLAS'S OPPOSITION
TO COUNTER-DEFENDANTS' MOTION TO DISMISS GERARD DOUGLAS'S COUNTERCLAIM

2:25-cv-04090-SVW-RAO

# **TABLE OF CONTENTS**

I. INTRODUCTION ................................................................................. 1

II. FACTUAL BACKGROUND ............................................................. 2

III. LEGAL STANDARD ....................................................................... 3

IV. ARGUMENT .................................................................................... 4

    A. Douglas's First Claim for Breach of Contract is Tolled by Equitable
        Estoppel .................................................................................... 4

    B. Douglas Has Properly Plead an Alternative Claim for Breach of Contract
        ............................................................................................ 8

    C. Douglas Has Alleged a Claim for Fraudulent Transfer of Assets by
        Counter-Defendants ................................................................. 8

    D. The FACC States a Claim for Intentional Interference with Contract ...... 9

    E. The FACC Alleges Unjust Enrichment which can Proceed as a Stand-
        Alone Cause of Action ............................................................ 12

    F. Douglas Properly Brings a Claim for Accounting.......................... 13

    G. Amendment Should Be Permitted as Necessary ........................... 13

V. CONCLUSION .................................................................... 14

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## TABLE OF AUTHORITIES

**Cases**

*A.B. v. Google LLC*, 737 F. Supp. 3d 869 (2024) …………………………….. 5

*Aldrich v. Nat'l Collegiate Athletic Ass'n*, 484 F. Supp. 3d 779 (N.D. Cal. 2020) ...................................................................................................... 6

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ............................................ 3, 4

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ……………………………… 4

*Butler v. Cnty. of Los Angeles*, 617 F. Supp. 2d 994 (C.D. Cal. 2009) ………... 4

*Caliber Paving Co., Inc. v. Rexford Industrial Realty & Mgmt., Inc.*, 54 Cal. App. 5th 175 (2020) ...................................................................... 10

*Cordova v. 21st Century Ins. Co.*, 129 Cal. App. 4th 89 (2005) ..................... 5, 6

*DaVinci Aircraft, Inc. v. United States*, 926 F.3d 1117 (9th Cir. 2019) .......... 3, 4

*Durnford v. MusclePharm Corp.*, 907 F.3d 595 (9th Cir. 2018) ……………… 5

*Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048 (9th Cir. 2003) .............. 13

*ESG Cap. Partners, LP v. Stratos*, 828 F.3d 1023 (9th Cir. 2016) ............. 12, 13

*Foman v. Davis*, 371 U.S. 178 (1962) ………………………..………………… 13

*Humphries v. Button*, No. 2:21-cv-01412-ART-EJY, 2025 U.S. Dist. LEXIS 162472 (D. Nev. 2025) ........................................................................ 6

*Jablon v. Dean Witter & Co.*, 614 F.2d 677 (9th Cir. 1980) ……………….... 5

*Katz-Lacabe v. Oracle America, Inc.*, 668 F. Supp. 3d 928 (2023) .................. 12

*Lantzy v. Centex Homes*, 31 Cal. 4th 363 (2003) ................................................ 7

*Leasequip, Inc. v. Dapeer*, 103 Cal. App. 4th 394 (2002) ................................. 6

*Mintz v. Blue Cross of California*, 172 Cal. App. 4th 1594 (2009) ............. 10, 11

ii

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF GERARD DOUGLAS'S OPPOSITION TO COUNTER-DEFENDANTS' MOTION TO DISMISS GERARD DOUGLAS'S COUNTERCLAIM

2:25-cv-04090-SVW-RAO

*Mroz v. Hoaloha Na Eha, Inc.*, 410 F. Supp. 2d 919 (2005) ............................. 12

*Neubronner v. Milken*, 6 F.3d 666 (9th Cir. 1993) ................................................ 9

*Prang v. Los Angeles Cnty. Assessment Appeals Bd.*, 15 Cal. 5th 1152 (2024) ................................................................................................. 11

*Rabin v. Google LLC*, 2024 U.S. Dist. LEXIS 54240 (N.D. Cal. Mar. 26, 2024) ..................................................................................................... 5

*Renda v. Nevarez*, 223 Cal. App. 4th 1231 (2014) ............................................. 9

*Rustico v. Intuitive Surgical, Inc.*, 993 F.3d 1085 (9th Cir. 2021) ................. 5, 6

*Soo Park v. Thompson*, 851 F.3d 910 (9th Cir. 2017) ………….......…………... 4

*Swartz v. KPMG LLP*, 476 F.3d 756 (9th Cir. 2007) ........................................ 8

*Teselle v. McLoughlin*, 173 Cal. App. 4th 156 (2009) ..................................... 13

**Statutes**

Cal. Welf. & Inst. Code §§ 15610.30, 15657.6 ………………………………… 1

**Rules**

Fed. R. Civ. P. 8 ............................................................................................. 1, 8

Fed. R. Civ. P. 12(b)(6) …………………………………………………………... 4

Fed. R. Civ. P. 15(a)(2) ..................................................................................... 13

**Secondary Sources**

2 Labor & Employment in California § 15-7, Wrongful Termination (2025) …………………………………………………………………………….. 6

1

## **MEMORANDUM OF POINTS AND AUTHORITIES**

Defendant and Counter-Plaintiff Gerard Douglas ("Douglas") by and through his attorneys of record, the Law Offices of Daniel A. Kaplan and Panakos Law, APC, respectfully submits the following Memorandum of Points and Authorities in Opposition to the Motion to Dismiss of Counter-Defendants Catalina Yachts, Inc. ("Catalina"), Russell Lane Berney ("Berney"), and Jean C. Butler ("Butler") (collectively "Counter-Defendants").

## **I.    INTRODUCTION**

Counter-Defendants' motion to dismiss the First Amended Counterclaim ("FACC") on the basis that the statute of limitations has expired as to all claims is premised on a basic misunderstanding of Federal Rule of Civil Procedure 8. It is fundamental that a plaintiff may plead in the alternative, as Douglas has done in the first and second causes of action for breach of contract. Douglas's first cause of action for breach of contract alleges his bonus vested seven and one-half years after the Bonus Compensation Agreement was executed and tolled. Douglas pleads in the alternative a second claim for breach of contract whereby the breach occurred by failing to pay Douglas the value of Catalina's assets sold to Counter-Defendant Michael Reardon in 2025 or one million dollars, whichever is greater, which is well within the four year statute of limitations. Movants' assertion that all claims are therefore subject to the statute of limitations is at odds with the permissive nature of Rule 8 to plead in the alternative.

The motion to dismiss also addresses Count 5 for Elder Financial Abuse under California Welfare & Institutions Code Section 15610.30 and 15657.6 (which Douglas has conceded is not viable). As to Count 6 for Fraudulent Transfer of Assets, movants incorrectly argue that Douglas cannot obtain a judgment for fraudulent transfer because it would constitute a double judgment which is simply wrong. As to Count 8 for Intentional Interference with Contract, the motion fails

1

because Berney is a complete stranger to the contract in question and Jean Butler acted for her own benefit in her role as trustee rather than as an agent of Catalina. The tenth Count for Unjust Enrichment can proceed as a standalone claim under California law. Finally, The Court should decline to dismiss Count 11 for an Accounting because the amount of Douglas's claim is unknown under the damage scenario that his bonus is five percent of the value of Catalina. Thus the entirety of Counter-Defendants' motion to dismiss is meritless and should be denied.

## II.    FACTUAL BACKGROUND

Catalina hired Douglas in 1976 as an engineer. He had been employed more than 25 years by November 2002. (FACC ¶¶ 20-22.) Catalina, Frank Butler, and Jean Butler offered Douglas a Bonus Compensation Agreement by which he could earn a bonus of five percent of the fair market value of Catalina as determined by an independent appraiser, with a minimum of not less than $1,000,000, if he remained employed for a period of seven and one-half years following execution of the Bonus Compensation Agreement (hereinafter "Vesting Period"). (Id. at ¶ 22.) On or about November 18, 2002, Catalina, by and through its President Frank Butler, Frank Butler individually, Jean Butler individually, and Douglas executed the Bonus Compensation Agreement. (Id. at ¶ 23.)

Douglas continued his employment at Catalina based on Catalina's representation that the Vested Bonus was not yet payable and under duress caused by the threat of termination of his employment if he sought to enforce his contractual rights. (Id. at ¶¶ 25, 27.) At various times, Frank Butler, in his capacity as president of Catalina, reaffirmed its obligation to pay Douglas a bonus under the Bonus Compensation Agreement. Based upon these representations, Defendant continued his employment at Catalina. Defendant retired from Catalina on or about January 15, 2021. Counter-Defendant Russell Berney (who serves as trustee for the Butlers' various trusts) affirmed that the Butlers would honor their commitment

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF GERARD DOUGLAS'S OPPOSITION TO COUNTER-DEFENDANTS' MOTION TO DISMISS GERARD DOUGLAS'S COUNTERCLAIM

2:25-cv-04090-SVW-RAO

1    under the Bonus Compensation Agreement, including by phone on January 14,

2    2022. From time to time, Jean Butler also reaffirmed a commitment to pay the bonus

3    to Douglas, including by telephone on February 1, 2022. (Id. at ¶ 28.)

4         Douglas is informed and believes and on that basis alleges that on April 23,

5    2025, at the direction of Berney, Jean Butler and Roes 1-5, Catalina entered into an

6    Asset Purchase Agreement and accompanying agreements with Michael Reardon

7    whereby Reardon acquired all assets used in or useful to Catalina's operations and

8    assumed some liabilities of Catalina. (Id. at  ¶ 29.) Douglas was not a party to the

9    Asset Purchase Agreement, did not provide consent to release Catalina from its

10    obligations under the Bonus Compensation Agreement, and did not enter into any

11    novation substituting Reardon as the sole obligor in place of Catalina and Jean C.

12    Butler. Accordingly Catalina and Jean C. Butler remain fully liable for their

13    obligations under the Bonus Compensation Agreement. Reardon is jointly and

14    severally liable to Douglas as the assumer of Catalina's liabilities. (Id. ¶ 30.)

15         Douglas is further informed and believes and on the basis alleges that the

16    purchase and sale was structured to avoid triggering the obligation to pay Douglas

17    the Vested Bonus by purporting to sell less than all of Catalina's assets and none of

18    its stock. (Id. at ¶ 31.) Catalina ultimately filed its lawsuit on May 7, 2025 seeking

19    declaratory relief that the bonuses are not owed.

20 **III.**    **LEGAL STANDARD**

21         When reviewing a motion to dismiss under F.R.C.P. 12(b)(6), the court

22    "accept[s] as true all facts alleged in the complaint and construe[s] them in the

23    light most favorable" to the pleading party. *DaVinci Aircraft, Inc. v. United States*,

24    926 F.3d 1117, 1122 (9th Cir. 2019); see also *Ashcroft v. Iqbal*, 556 U.S. 662, 664

25    (2009) ("When there are well-pleaded factual allegations, a court should assume

26    their veracity and then determine whether they plausibly give rise to an entitlement

27    to relief."). A complaint need only "contain sufficient factual matter, accepted as

28

true, to 'state a claim to relief that is plausible on its face' " and thereby survive a

motion to dismiss. *Iqbal,* 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550

U.S. 544, 570 (2007)). Dismissal is permitted only if "it appears beyond doubt that

the [counterclaimant] can prove no set of facts in support of his claim which would

entitle him to relief." *DaVinci Aircraft*, 926 F.3d at 1122. As such, "[i]f there are

two alternative explanations, one advanced by [the responding party] and the other

advanced by [the pleading party], both of which are plausible, [the pleading

party's] complaint survives." *Soo Park v. Thompson*, 851 F.3d 910, 918 (9th Cir.

2017). "In a motion to dismiss pursuant to Federal Rule of Civil Procedure

12(b)(6), the Court must limit its review to the four corners of the operative

complaint, and may not consider facts presented in briefs or extrinsic evidence."

*Butler v. Cnty. of Los Angeles,* 617 F. Supp. 2d 994, 999 (C.D. Cal. 2009).

## IV.  **ARGUMENT**

### A. **Douglas's First Claim for Breach of Contract is Tolled by Equitable Estoppel.**

Douglas's first claim for breach of contract alleges that Catalina breached

the Bonus Compensation Agreement by alleging that the bonus vested upon

Douglas's continued employment with Catalina for seven and a half years following

execution of the Bonus Compensation Agreement, thereby earning the full amount

of the bonus due to him. The FACC alleges that Catalina, "has breached the Bonus

Compensation Agreement by failing to select an appraiser, have the appraiser

determine the amount of Douglas's bonus based on Catalina's fair market value and

paying Douglas a bonus of five percent (5%) of Catalina's fair market value, or one

million dollars ($1,000,000), whichever is greater." (FACC ¶ 35, 38.) The FACC

further alleges that "Douglas continued his employment at Catalina based on

Catalina's representation that the Vested Bonus was not yet payable and under

duress caused by the threat of termination of his employment if he sought to enforce

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF GERARD DOUGLAS'S OPPOSITION
TO COUNTER-DEFENDANTS' MOTION TO DISMISS GERARD DOUGLAS'S COUNTERCLAIM

2:25-cv-04090-SVW-RAO

his contractual rights." (Id. at ¶ 27.)    Furthermore, the Butlers reaffirmed their promise to pay Douglas after his retirement, including by telephone on February 1, 2022. (Id. at ¶ 28.)

"When a motion to dismiss is based on the running of the statute of limitations, it can be granted only if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled" or that the claims were timely. *Jablon v. Dean Witter & Co*., 614 F.2d 677, 682 (9th Cir. 1980). Thus, to survive a motion to dismiss, plaintiffs "simply need to plead facts demonstrating a potential factual dispute that could affect whether the defense applies." *Rabin v. Google LLC*, 2024 U.S. Dist. LEXIS 54240, 2024 WL 1269313, at (N.D. Cal. Mar. 26, 2024). "Only when the plaintiff pleads itself out of court—that is, admits all the ingredients of an impenetrable defense—may a complaint that otherwise states a claim be dismissed under Rule 12(b)(6)." *Durnford v. MusclePharm Corp.*, 907 F.3d 595, 604 (9th Cir. 2018)." *A.B. v. Google LLC*, 737 F. Supp. 3d 869, 877-878 (2024).

The FACC alleges sufficient facts for the Court to decline to dismiss the first cause of action on the basis that Catalina Yachts, Inc. should be equitably estopped from asserting a statute of limitations defense in light of the threats that prevented Douglas from pursuing his bonus compensation claim. Under California law, equitable estoppel prevents a defendant from asserting the statute of limitations as a defense when the defendant's conduct has induced the plaintiff to refrain from filing suit within the applicable limitations period *Rustico v. Intuitive Surgical, Inc.,* 993 F.3d 1085 (9th Cir. 2021), *Cordova v. 21st Century Ins. Co*., 129 Cal. App. 4th 89 (2005). Equitable estoppel "comes into play only after the limitations period has run and addresses itself to the circumstances in which a party will be estopped from asserting the statute of limitations as a defense to an admittedly untimely action because his conduct has induced another into forbearing suit

5

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF GERARD DOUGLAS'S OPPOSITION TO COUNTER-DEFENDANTS' MOTION TO DISMISS GERARD DOUGLAS'S COUNTERCLAIM

2:25-cv-04090-SVW-RAO

1    within the applicable limitations period." *Id.* at 97.

2        The doctrine serves as "a remedial judicial doctrine employed to ensure

3 fairness, prevent injustice, and do equity." *Rustico v. Intuitive Surgical, Inc*., supra

4 at 1096. Importantly, equitable estoppel "takes its life from the equitable principle

5 that no man will be permitted to profit from his own wrongdoing in a court of

6 justice." *Cordova v. 21st Century Ins. Co*., supra at 106.

7        Under California law, there are four elements for equitable estoppel: (1) The

8 party to be estopped must know the facts; (2) he must intend that his conduct shall

9 be acted upon, or must so act that the party asserting the estoppel had the right to

10 believe that it was so intended; (3) the party asserting the estoppel must be ignorant

11 of the true state of facts; and (4) he must rely upon the conduct to his injury. See

12 *Leasequip, Inc. v. Dapeer,* 103 Cal.App.4th 394, 404 (2002).

13        Threats and intimidation by a defendant can be sufficient grounds for

14 equitable estoppel. See e.g., *Aldrich v. Nat'l Collegiate Athletic Ass'n,* 484

15 F.Supp.3d 779, 799-800 (N.D. Cal. 2020). Courts have found that "threats and

16 intimidation by a defendant can be sufficient to claim equitable estoppel under

17 state laws," including under California law where "threats of deportation by

18 defendant [were] sufficient for equitable estoppel." *Humphries v. Button*, US

19 District Court for the District of Nevada, Case No 2:21-cv-01412-ART-EJY, 2025

20 U.S. Dist. LEXIS 162472.

21        The doctrine of equitable estoppel focuses, "primarily on the actions taken

22 by the employer in preventing an employee from filing suit" and requires that "the

23 employee must point to some fraudulent concealment, some active conduct by the

24 employer above and beyond the wrongdoing upon which the claim is filed." 2

25 Labor & Employment in California § 15-7 WRONGFUL TERMINATION (2025).

26 Threats of job termination constitute precisely this type of active conduct that goes

27 beyond the underlying breach of the bonus agreement.

28

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF GERARD DOUGLAS'S OPPOSITION
TO COUNTER-DEFENDANTS' MOTION TO DISMISS GERARD DOUGLAS'S COUNTERCLAIM

2:25-cv-04090-SVW-RAO

All four elements of equitable estoppel under California law are sufficiently alleged in the FACC. First, Catalina and Frank Butler, its founder, knew the facts regarding the bonus agreement and Douglas's position that he was entitled to payment when he requested the bonus. Second, Catalina, via Butler, intended its threatening conduct to be acted upon by explicitly telling Douglas he could lose his job if he pursued the bonus claim. Third, Douglas was led to believe that the bonus payment was not due, and therefore was, insofar as the doctrine requires, ignorant of the true state of facts regarding his legal rights and Catalina's willingness to honor the agreement. Fourth, Douglas relied on Catalina's threats to his injury by refraining from pursuing his claim, even going so far as to retain counsel but then dropping the demand due to Butler's threats.

Counter-Defendants' conduct was particularly egregious because it combined a refusal to pay with active threats designed to prevent Douglas from seeking legal recourse. This goes well beyond the mere breach of contract and constitutes the type of "active conduct" that courts have found sufficient for equitable estoppel.

Importantly, equitable estoppel remains available even in circumstances where other doctrines might not apply. As California courts have explained, equitable estoppel "is wholly independent of the limitations period itself" and "is available even where the limitations statute at issue expressly precludes equitable tolling." *Lantzy v. Centex Homes*, 31 Cal. 4th 363 (2003).

The FACC alleges sufficient facts to overcome the affirmative defense of the expiration of the statute of limitations. Catalina's motion should be denied on this basis. Furthermore, whether the Court finds this count is barred by the statute of limitations, such a ruling has no bearing on the balance of Douglas's causes of action that arise out of the asset sale that occurred in 2025 and/or operate from a later breach as alleged in the second cause of action.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF GERARD DOUGLAS'S OPPOSITION TO COUNTER-DEFENDANTS' MOTION TO DISMISS GERARD DOUGLAS'S COUNTERCLAIM

2:25-cv-04090-SVW-RAO

**B. Douglas Has Properly Plead An Alternative Claim for Breach of Contract.**

Federal Rule of Civil Procedure 8(d)(2) allows Douglas to plead alternative statements of a claim. A party may set out two or more statements of a claim or defense alternatively or hypothetically, either in a single count or defense or in separate ones. If a party makes alternative statements, the pleading is sufficient if any one of them is sufficient. Douglas pleads two breach of contract claims depending on the timing of the breach, since the contract is subject to interpretation. While the first breach of contract arises out of the failure to pay about 7.5 years from the Bonus Agreement, the second claim for breach of contract alleges that Catalina breached and continues to breach the Agreement by <u>failing to pay Douglas as bonus five percent (5 %) of the value of the assets of Catalina sold to Reardon</u> or one million dollars ($1,000,000), whichever is greater. This claim clearly survives any statute of limitations argument, since it is triggered from the sale of the assets in 2025.

**C. Douglas Has Alleged a Claim for Fraudulent Transfer of Assets by Counter-Defendants.**

Counter-Defendants argue that Douglas fails to state a particularized showing for fraudulent transfer and that Douglas cannot seek a double recovery arising out of the Bonus Compensation Agreement. Douglas sufficiently pleads the elements for fraudulent transfer in his Counterclaim, including the "who", "what," "when" and "how". See *Swartz v. KPMG LLP*, 476 F.3d 756 (9th Cir. 2007). Douglas alleges that while being indebted to Douglas and other creditors, "in April or May 2025, at the direction of Berney, Jean Butler and Roes 1-5, Catalina entered into a written purchase and sale agreement by which all operational assets of Catalina associated with its core business of designing and manufacturing yachts, except real estate, were sold to Michael Reardon and/or an entity associated

8

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF GERARD DOUGLAS'S OPPOSITION TO COUNTER-DEFENDANTS' MOTION TO DISMISS GERARD DOUGLAS'S COUNTERCLAIM

2:25-cv-04090-SVW-RAO

therewith." (FACC ¶ 29, 65.) This establishes a claim for fraudulent transfer. To the extent that all details were not alleged, "In such situations, plaintiffs cannot be expected to have personal knowledge of the relevant facts." *Neubronner v. Milken*, 6 F.3d 666, 672 (9th Cir. 1993).

Despite Cross-Defendants' argument, *Renda v. Nevarez,* 223 Cal.App.4th 1231 (2014) does **not** stand for the proposition that a debtor cannot be named in a fraudulent transfer claim. *Renda* concerns the availability of a money judgment against the debtor for the transfer amount in addition to the underlying judgment. It holds that a debtor for whose benefit the transfer is made may not be subject to a monetary judgment for the amount transferred in addition to the existing judgment/debt. *Renda* does not bar naming the debtor nor does it support dismissal on that basis. See *Renda* at 1237–1238. Therefore, the motion should be denied as to this count.

## D. The FACC States a Claim for Intentional Interference with Contract.

Counter-Defendants contend that Douglas cannot bring a claim for intentional interference with contract against Berney and Butler because they are not strangers to the contract. This argument holds no weight as to Counter-Defendant Russell Berney whatsoever, and ignores that Jean Butler allegedly acted in the capacity as trustee in interfering with the contract rather than her individual capacity by which she signed the Bonus Compensation Agreement.

Counter-Defendant Berney is a complete stranger to the Bonus Compensation Agreement. He is alleged to have induced the structure of the asset sale to Reardon in 2025 – some 23 years after the bonus agreement's execution – to avoid triggering payment of the bonus to Douglas.  FACC ¶ 86.  He is alleged to have done so in his role as trustee of trusts holding shares of stock in Catalina, but not as its attorney nor as an agent of the corporation.  FACC ¶ 84. The FACC makes no allegations that Berney was an officer or director of Catalina at the time

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF GERARD DOUGLAS'S OPPOSITION
TO COUNTER-DEFENDANTS' MOTION TO DISMISS GERARD DOUGLAS'S COUNTERCLAIM

2:25-cv-04090-SVW-RAO

1    of the interference either.

2    Jean Butler, who did sign the Bonus Compensation Agreement, but was not

3    responsible for payment of the bonus unless certain unmet conditions occurred, is

4    alleged to have acted in her capacity as trustee of trusts holding stock in Catalina.

5    FACC ¶ 84. She is not alleged to have been acting in her personal capacity by

6    which she signed the agreement in 2002. In other words, Jean Butler interfered

7    with the contract to prevent Catalina from having to pay the bonus, not to avoid her

8    personal liability under the Bonus Compensation Agreement. Catalina improperly

9    seeks to fill in gaps by arguing Berney and Jean Butler are controlling

10   shareholders, but this is not alleged in the FACC.  (See Mtn. p. 17:26-28).

11   Movants also argue that Berney is alleged to have been the attorney for

12   Catalina. The complaint does not allege that Berney was specifically acting in his

13   role as attorney for Catalina, and in fact, disavows that he was acting in his

14   capacity as a member of the State Bar of California.  See FACC ¶ 18.

15   California courts have recognized that noncontracting parties with an

16   economic or social interest in the contractual relationship may still be liable for

17   intentional interference. For instance, in *Caliber Paving Co., Inc. v. Rexford*

18   *Industrial Realty & Management, Inc*., the court emphasized that a contractual

19   relationship is no less disrupted when the noncontracting party claims a social or

20   economic interest in the relationship. The tort of intentional interference is

21   designed to protect the integrity of established contractual relationships from

22   interference by third parties, regardless of their interest in the contract. *Caliber*

23   *Paving Co., Inc. v. Rexford Industrial Realty & Management, Inc*., 54 Cal.App.5th

24   175 (2020).

25   Movants argue, however, that they are agents of the corporation and thus not

26   susceptible to a claim for interference. They rely primarily upon *Mintz v. Blue*

27   *Cross of California,* however, their argument fails because they improperly

28

presume that they occupy an analogous role to Blue Cross which acted as claims administrator on behalf of CalPERS. Blue Cross was not a stranger to contract as it was specifically named as CalPERS's agent in a document comprising part of the insurance agreement. The *Mintz* court took pains to point out this contractual relationship in its opinion: "Judge David Mintz was a member of PERS Choice, a health insurance plan issued and funded by CalPERS (the California Public Employees' Retirement System). The plan's "Evidence of Coverage" shows that PERS Choice 'is a self-funded health plan established and administered by CalPERS (the plan administrator and insurer) through contracts with third-party administrators: Blue Cross of California and Medco.'" *Mintz v. Blue Cross of California* (2009) 172 Cal.App.4th 1594, 1598–1599. Thus, not only was Blue Cross not a stranger to the contract, it was acting solely as an agent of CalPERS. *Id.* at 1604.

In contrast Berney and Butler are alleged to have been trustees of trusts that held the stock in Catalina. Berney especially is not alleged to have any connection to the Bonus Compensation Agreement. However, even assuming arguendo that the role of trustee of trusts holding Catalina stock qualifies Berney and Butler as the corporation's shareholders, shareholders in a corporation are not considered agents of the corporation. Instead, they are the beneficial owners of the corporate property, and the corporation acts as their agency, holding the property for their benefit and in trust for them. This principle was articulated in the case of *Prang v. Los Angeles County Assessment Appeals Bd.*, where the court clarified the relationship between shareholders and the corporation. *Prang v. Los Angeles County Assessment Appeals Bd.*, 15 Cal.5th 1152 (2024). Thus, the argument that they were shareholders does not support the assertion that as corporate agents they could not have interfered with Catalina's Bonus Compensation Agreement.

The allegations in the FACC suffice. Rather than acting as corporate agents,

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF GERARD DOUGLAS'S OPPOSITION TO COUNTER-DEFENDANTS' MOTION TO DISMISS GERARD DOUGLAS'S COUNTERCLAIM

2:25-cv-04090-SVW-RAO

1   Berney and Jean Butler are alleged to have known of the Bonus Compensation

2   Agreement in their role as trustees (FACC ¶ 84), to have intentionally induced or

3   caused Catalina to breach that agreement (FACC ¶ 85) and that they did so by

4   structuring the asset sale transaction in a manner designed to avoid payment to

5   Douglas. (FACC ¶ 86).

6       Even if the current allegations fall short, the FACC can be amended to allege

7   that Jean Butler acted for her own personal interest in interfering with the Bonus

8   Compensation Agreement.  Such an allegation suffices at the pleading stage to

9   allege that an agent is liable for inducement for not acting legitimately within the

10  scope of her duties but rather using her position improperly for personal gain. See

11  *Mroz v. Hoaloha Na Eha, Inc.,* 410 F.Supp.2d 919, 937-938 (2005).

12      In sum, the FACC contains a short and plain statement of the claim for

13  interference with contractual relations which suffices to avoid dismissal as to

14  Berney. To the extent that additional allegations are required to establish that

15  Butler acted in her capacity as trustee for personal gain, the FACC can be amended

16  to state such a claim.

17      **E. The FACC Alleges Unjust Enrichment which can Proceed as a Stand-**

18          **Alone Cause of Action.**

19      Counter-Defendants contend that California does not recognize an

20  independent cause of action for unjust enrichment. However, when a plaintiff

21  alleges unjust enrichment, courts in California may interpret the claim as a quasi-

22  contract claim seeking restitution. This allows plaintiffs to pursue remedies for

23  situations where a defendant has been unjustly enriched, even though the claim is

24  not formally labeled as unjust enrichment. *Katz-Lacabe v. Oracle America, Inc*.,

25  668 F.Supp.3d 928 (2023). "To allege unjust enrichment as an independent cause

26  of action, a plaintiff must show that the defendant received and unjustly retained a

27  benefit at the plaintiff's expense." *ESG Cap. Partners, LP v. Stratos*, 828 F.3d

28

12

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF GERARD DOUGLAS'S OPPOSITION
TO COUNTER-DEFENDANTS' MOTION TO DISMISS GERARD DOUGLAS'S COUNTERCLAIM

2:25-cv-04090-SVW-RAO

1023, 1038 (9th Cir. 2016). Therefore, this claim should survive the motion to dismiss.

### F. Douglas Properly Brings a Claim for Accounting.

An accounting is necessary to determine the amount due, since, "[t]he amount of money due from Catalina to Douglas is unknown to Douglas and cannot be ascertained without an accounting of the fair market value of Catalina or alternatively the price of the sale of Catalina's assets." FACC ¶ 98. The Court in *Teselle v. McLoughlin* explained that accounting is not subject to a motion for summary judgment:

> An accounting is a "species of disclosure, predicated upon the plaintiff's legal inability to determine how much money, if any, is due." (1A Corpus Juris Secundum, *supra,* Accounting, § 6, pp. 7–8, fn. omitted.) Thus, the purpose of the accounting is, in part, to discover what, if any, sums are owed to the plaintiff, and an accounting may be used as a discovery device. (1A Corpus Juris Secundum, *supra,* Accounting, § 26, p. 26.) An action for accounting is not amenable to a motion for summary judgment or summary adjudication upon a showing that plaintiff does not possess and cannot reasonably obtain the evidence needed to compel the accounting, because the very purpose of the accounting is to obtain such evidence.

*Teselle v. McLoughlin,* 173 Cal. App. 4th 156, 180 (2009).

### G. Amendment Should Be Permitted as Necessary.

In the event the Court determines that the allegations have not established the sufficient particularity for its claims, leave to amend should be granted for Douglas to cure the deficiencies. See Fed. R. Civ. P. 15(a)(2). Absent "undue prejudice", undue delay, bad faith or dilatory motive," "repeated failure to cure deficiencies by amendments previously allowed," or "futility of amendment," there is "a presumption …in favor of granting leave to amend." *Eminence Cap., LLC v. Aspeon*, Inc., 316 F.3d. 1048, 1052 (9th Cir. 2003) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Any deficiency to be amended is appropriate. No prejudice

is caused to Counter-Defendants, who are very aware and on notice of Douglas's claims against them.

## V.    **CONCLUSION**

For the foregoing reasons, Counter-Defendants' motion to dismiss must be denied or granted only with leave to amend.

Dated:    September 29, 2025         **LAW OFFICES OF DANIEL A. KAPLAN**

By:    */s/ Daniel A. Kaplan*
Daniel A. Kaplan
Attorneys for Defendant and
Counter-Plaintiff
GERARD DOUGLAS

Dated:    September 29, 2025         **PANAKOS LAW, APC**

By:    */s/ Veronica E. McKnight*
Veronica E. McKnight
Attorneys for Defendant and
Counter-Plaintiff
GERARD DOUGLAS

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF GERARD DOUGLAS'S OPPOSITION TO COUNTER-DEFENDANTS' MOTION TO DISMISS GERARD DOUGLAS'S COUNTERCLAIM

2:25-cv-04090-SVW-RAO

## **CERTIFICATE OF COMPLIANCE**

The undersigned, counsel of record for Gerard Douglas, certifies that this brief contains 4,250 words, which:

x complies with the word limit of L.R. 11-6.1.

_ complies with the word limit set by court order dated _____.


Dated:   September 29, 2025    **LAW OFFICES OF DANIEL A. KAPLAN**


By:    */s/ Daniel A. Kaplan*
       Daniel A. Kaplan
       Attorneys for Defendant and
       Counter-Plaintiff
       GERARD DOUGLAS


Dated:   September 29, 2025    **PANAKOS LAW, APC**


By:    */s/ Veronica E. McKnight*
       Veronica E. McKnight
       Attorneys for Defendant and
       Counter-Plaintiff
       GERARD DOUGLAS

ANSWER AND COUNTERCLAIM OF DEFENDANT GERARD DOUGLAS