Michael C. Lieb (SBN 126831)
  mlieb@ecjlaw.com
Zoe M. Vallier (SBN 324324)
  zvallier@ecjlaw.com
Jacqueline McGuinness (SBN 337625)
  jmcguinness@ecjlaw.com
**ERVIN COHEN & JESSUP LLP**
9401 Wilshire Boulevard, Twelfth Floor
Beverly Hills, California 90212-2974
Telephone: (310) 273-6333
Facsimile: (310) 859-2325

Attorneys for Plaintiff/Counter-Defendant
CATALINA YACHTS, INC.
and Counter-Defendants RUSSELL L.
BERNEY and JEAN C. BUTLER

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| CATALINA YACHTS, INC., a California corporation,<br><br>              Plaintiff,<br><br>      v.<br><br>SHARON DAY, an individual; GERARD DOUGLAS, an individual; and DOES 1 through 10, inclusive,<br><br>              Defendant.<br><br>———————————————<br><br>AND RELATED COUNTERCLAIMS | Case No. 2:25-cv-04090-SVW-RAO<br><br>Assigned to The Hon. Stephen V. Wilson<br><br>**COUNTER-DEFENDANT CATALINA YACHTS, INC.'S REPLY IN SUPPORT OF MOTION TO DISMISS COUNT FOUR OF SHARON DAY'S COUNTERCLAIM**<br><br>Date:     October 20, 2025<br>Time:    1:30 p.m.<br>Dept.:   10A<br><br>Action Filed:   May 7, 2025<br>Trial Date:     January 6, 2026 |

ERVIN COHEN & JESSUP LLP

ERVIN COHEN & JESSUP LLP

## I.      <u>INTRODUCTION</u>

Counter-Defendant Catalina Yachts, Inc. ("Catalina") submits this reply in further support of its motion to dismiss Count Four of Sharon Day's ("Day") Cross-Complaint. Count Four asserts a fraudulent transfer claim under the California Uniform Voidable Transaction Act ("UVTA")[1] against both Catalina and Michael Reardon ("Reardon") as the transferee. Day has stated she will dismiss Reardon, leaving only Catalina on Count Four.

Day's opposition confirms that the claim fails as a matter of law. She offers only vague "information and belief" allegations instead of particularized facts. She does not rebut Catalina's showing that *Renda v. Nevarez* prohibits a money judgment against Catalina, and she identifies no remedy the Court could grant against Catalina alone, particularly once Reardon is dismissed. Accordingly, the fraudulent transfer claim against Catalina should be dismissed with prejudice.

## II.     <u>ARGUMENT</u>

### A.      <u>Day's Cross-Complaint Does Not Meet the Rule 9(b) Standard</u>

Day's fraudulent transfer allegations do not satisfy Rule 9(b), as required by federal pleading standards. *See Kelleher v. Kelleher*, 2014 WL 94197, at *6 (N.D. Cal. Jan. 9, 2014) ("Without this particularized showing of the circumstances constituting actual fraud on the part of the named Defendants, the Court finds that the allegations in the Complaint fail to satisfy the pleading requirements of Rule 9(b)").

Here, Day alleges only that, "[u]pon information and belief, Catalina sold all of its assets used or useful in the operation of its business" to Reardon (XC ¶ 26)

---

[1] "The UVTA, adopted in California in 2015 and effective January 1, 2016, is a renamed and slightly revised version of the Uniform Fraudulent Transfers Act ('UFTA')." *Stadtmueller v. Sarkisian*, 2025 WL 1370819, at *2 (S.D. Cal. May 12, 2025). For purposes of this Motion, the UVTA and UFTA are substantively the same.

ERVIN COHEN & JESSUP LLP

1  and that she is informed and believes Catalina "made the transfer with the intent to

2  hinder, delay, or defraud" her. (XC ¶ 53). But, entering into an asset purchase

3  agreement is a lawful business transaction; to transform it into fraud, Day must

4  plead particularized facts showing fraudulent circumstances.

5       Reciting several "badges of fraud" upon "information and belief" (XC ¶¶ 51-

6  57) does not suffice without a concrete factual basis for that belief. *Neubronner v.*

7  *Milken,* 6 F.3d 666, 670 (9th Cir. 1993) ("a plaintiff who makes allegations on

8  information and belief must state the factual basis for the belief"). "Suspicious

9  circumstances" do not constitute a sufficient factual basis for fraud allegations. *Id*.

10  Day provides no factual basis for believing that Catalina sold all of its assets, that

11  Catalina received less than reasonably equivalent value, that the sale left Catalina

12  insolvent, or that the transfer was timed to avoid paying Day. Without such

13  particularized allegations, Count Four should be dismissed with prejudice.

14       **B.**   **Day's Fraudulent Transfer Claim Seeks No Viable Recovery**

15       To avoid Catalina's double recovery argument, Day contends her fraudulent

16  transfer claim should survive because she can plead in the "alternative" and "elect

17  her remedies following judgment." (Opp. at 6). This argument fails for two reasons:

18  first, alternative pleading is impossible given the nature of UVTA claims; second,

19  no viable remedy exists against Catalina under the UFTA once Day dismisses the

20  transferee.

21       Day cannot plead a UVTA claim "in the alternative" to her underlying breach

22  of contract claim because the UVTA presupposes an existing creditor-debtor

23  relationship. The UVTA "declares rights and provides remedies for unsecured

24  creditors against transfers that impede them in the collection of their claims." *Renda*

25  *v. Nevarez*, 223 Cal. App. 4th 1231 (2014) (internal quotation marks omitted). In

26  other words, for the UVTA to apply, Day must already be Catalina's creditor based

27  on liability established through some other claim. *Id.* Alternative pleading—which

28  assumes uncertainty about whether liability exists—is incompatible with a UVTA

1  claim, which assumes liability already exists and seeks only to reach transferred

2  assets.

3       Even assuming Day establishes liability on her breach of contract claim,

4  *Renda* forecloses a duplicative money judgment against Catalina under the UVTA.

5  *Renda* held unequivocally that "a creditor who has obtained a judgment for damages

6  against a debtor in a prior action is not entitled under the UVTA to recover a

7  personal judgment against the debtor for the amount of money the debtor

8  subsequently transfers to third parties." *Id.* at 1239. Allowing an additional money

9  judgment against the transferor-debtor "would in effect allow [the creditor] to

10 recover more than the underlying judgment, which the [UVTA] does not allow." *Id.*

11 at 1238.

12      Day cites *Filip v. Bucurenciu*, 129 Cal. App. 4th 825 (2005) for the

13 proposition that the court is empowered to award any "relief the circumstances may

14 require," which may implicate Catalina, who effectuated the transfer and therefore,

15 remains the obligor on the debt. (Opp. at 7).

16      *Renda* specifically distinguished *Filip* on this point. The *Renda* court noted

17 that in *Filip*, while the court stated that "fraudulently transferring property"

18 constitutes "tortious conduct" sufficient to support liability on a conspiracy theory,

19 this statement was dictum. 223 Cal. App. 4th at 1240. Critically, *Renda* emphasized

20 that "the particular relief to which the court held the plaintiff was entitled was a

21 judgment setting aside the transfers and authorizing sale of the transferred properties

22 to satisfy the plaintiff's underlying judgment against the debtor who made the

23 fraudulent transfers." *Id.* The *Renda* court concluded: "The Filip court did not hold

24 the plaintiff was entitled to a money judgment against the debtor for tort damages

25 under the UFTA." *Id.* Accordingly, *Filip* does not authorize a money judgment

26 against Catalina.

27      More importantly, in *Filip*, the transferees were defendants throughout the

28 litigation. *Filip*, 129 Cal. App. 4th at 831-32. The court could grant relief setting

ERVIN COHEN & JESSUP LLP

4

COUNTER-DEFENDANT CATALINA YACHTS, INC.'S REPLY IN SUPPORT OF MOTION TO DISMISS
COUNT FOUR OF SHARON DAY'S COUNTERCLAIM

ERVIN COHEN & JESSUP LLP

1  aside the transfers and authorize the sale because the transferees were parties to the
2  action and subject to the court's orders requiring them to disgorge the fraudulently
3  transferred property. The court's "broad equitable powers" that Day references were
4  exercised over parties who actually held the transferred assets and could be ordered
5  to return them. Those facts are not present here.

6      Here, Day and Douglas have indicated they will dismiss Reardon, and those
7  dismissals should be before the court by the time this motion is heard. Without
8  Reardon as a party, the Court lacks a transferee over whom it can exercise equitable
9  power to unwind the transfer; there is no one to order to return the transferred assets.

10     Day argues she "can elect her remedies following judgment" and may pursue
11 "alternative or cumulative remedies" (Opp. at 6). This argument assumes that
12 multiple viable remedies exist. They do not. *Renda* prohibits any additional money
13 judgment against Catalina under the UVTA. Because neither a duplicative damages
14 award (barred by *Renda*) nor equitable avoidance (impossible without the
15 transferee) is available, there is no remedy for the UVTA claim against Catalina
16 alone. The claim should be dismissed with prejudice.

17 / / /
18 / / /
19 / / /
20 / / /
21 / / /
22 / / /
23 / / /
24 / / /
25 / / /
26 / / /
27 / / /
28 / / /

17639.11:11664973.2

5

COUNTER-DEFENDANT CATALINA YACHTS, INC.'S REPLY IN SUPPORT OF MOTION TO DISMISS
COUNT FOUR OF SHARON DAY'S COUNTERCLAIM

ERVIN COHEN & JESSUP LLP

1   III.   <u>**CONCLUSION**</u>

2        For these reasons, Day's fraudulent transfer claim against Catalina—pleaded

3   without particularity, seeking duplicative recovery, and incapable of equitable relief

4   (especially once the transferee is dismissed)—fails as a matter of law. Count Four

5   should be dismissed with prejudice.

6

7   DATED:  October 6, 2025        ERVIN COHEN & JESSUP LLP
8                                  Michael C. Lieb
9                                  Zoe M. Vallier
                                   Jacqueline McGuinness
10

11                      By:    ___*/s/ Michael C. Lieb*___
12                             Michael C. Lieb
                               Attorneys for Plaintiff/Counter-Defendant
13                             CATALINA YACHTS, INC. and Counter-
                               Defendants RUSSELL L. BERNEY and
14                             JEAN C. BUTLER

15

16

17

18              <u>**CERTIFICATE OF COMPLIANCE**</u>

19        The undersigned, counsel of record for Michael C. Lieb, certifies that this

20   brief contains 1,160 words, which:

21      ☒ complies with the word limit of L.R. 11-6.1.

22      ☐ complies with the word limit set by court order dated _____.

23

24   DATED: October 6, 2025

25                             ___*/s/ Michael C. Lieb*___
                               Michael C. Lieb
26

27

28

COUNTER-DEFENDANT CATALINA YACHTS, INC.'S REPLY IN SUPPORT OF MOTION TO DISMISS
COUNT FOUR OF SHARON DAY'S COUNTERCLAIM