Shumaker, Loop & Kendrick, LLP
Steven M. Berman, Bar No. 256846
sberman@shumaker.com
101 East Kennedy Boulevard
Suite 2800
Tampa, Florida 33602
Telephone: 813.229.7600
Facsimile: 813.229.1660

Attorneys for Defendant
Sharon Day

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### LOS ANGELES DIVISION

| | |
|---|---|
| CATALINA YACHTS, INC., a California Corporation,<br><br>Plaintiff,<br><br>v.<br><br>SHARON DAY, an individual; GERARD DOUGLAS, an individual; and DOES 1 through 10, inclusive,<br><br>Defendants<br><br>AND RELATED COUNTERCLAIMS | Case No. 2:25-CV-04090-SVW-RAO<br><br>Assigned to the Hon. Stephen V. Wilson<br><br>**COUNTER-PLAINTIFF SHARON DAY'S NOTICE OF MOTION AND MOTION FOR LEAVE TO AMEND**<br><br>Date: October 20, 2025<br>Time: 1:30 p.m.<br>Dept.: 10A<br><br>Action Filed: May 7, 2025<br>Trial Date: None Set |

**TO ALL PARTIES AND ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE THAT on October 20, 2025 at 1:30 p.m., or as soon thereafter as the matter may be heard before the Honorable Stephen V. Wilson, U.S. District Judge of the Central District of California, in Courtroom 10A of First Street Courthouse located at 350 W. 1st Street, 10th Floor, Los Angeles, CA 90012, Defendant/Counter-Plaintiff, Sharon Day, (the "Movant" or "Ms. Day") and hereby does move the court for an order for leave to amend Pursuant to Federal Rule of Civil Procedure 15(a)(2), the Plaintiff, Sharon Day ("Ms. Day") hereby requests leave to amend the Answer and Counterclaims of Defendant Sharon Day (the "Counterclaims"), filed on July 28, 2025, against the Counter-Defendants, Catalina Yachts, Inc. and Michael Reardon (together, the "Counter-Defendants").

The undersigned counsel for Ms. Day met and conferred with the Counter-Defendants about the relief requested herein on September 30, 2025 and October 6, 2025, and while the Counter-Defendants did not consent to the same, they did consent to the dismissal of Michael Reardon, which would be effectuated by the amendment proposed herein. Accordingly, this Motion is made following the conference of counsel pursuant to Local Civil Rule 7-3.

This Motion is more fully supported by the following Memorandum of Points and Authorities and the relevant record in this proceeding, the declaration of Steven M. Berman the pleadings and papers currently on file, and any other matter that may be presented at the hearing.

Dated: October 13, 2025

SHUMAKER, LOOP & KENDRICK, LLP
 Steven M. Berman
By: */s/ Steven M. Berman*
   Steven M. Berman
   Attorney for Counter-Plaintiff
   SHARON DAY

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. FACTUAL BACKGROUND

On July 28, 2025, Ms. Day filed her Counterclaims against the Counter-Defendants. *See* Doc. 46. On August 29, 2025, Catalina Yachts, Inc., Russell Lane Berney, and Jean C. Butler filed their Motion to Dismiss Gerard Douglas' Counterclaim and Count Four of Sharon Day's Counterclaim (Doc. 65), which was later amended, on September 25, 2025, to correct the date and time of the hearing on their motion (Doc. 69). The undersigned counsel for Ms. Day met and conferred with the Counter-Defendants about the relief requested herein and while the Counter-Defendants did not consent to the same, they did consent to the dismissal of Michael Reardon, which would be effectuated by the amendment proposed herein.

## II. LEGAL ARGUMENT

### A. Standard for Amending a Complaint

Pursuant to Federal Rule of Civil Procedure 15(a)(2), amending a complaint more than 21 days after service requires either the opposing party's written consent or leave of court. "The court should freely give leave when justice so requires." *Id.* The Ninth Circuit has long recognized that this policy is applied with "extreme liberality." *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (internal citations omitted). In evaluating a motion for leave to amend, courts consider such factors as "undue delay, bad faith or dilatory motive [], repeated failure

to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party [], [and] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962). Here, none of the *Foman* factors weigh against amendment. The Counter-Defendants have not answered the Counterclaims, the pleadings are not yet at issue and this case remains at an early stage. The Proposed Amendment simplifies the pleadings by dropping a party. Granting leave to amend will therefore conserve judicial resources and not prejudice any party. Accordingly, leave to amend should be granted.

## III.  CONCLUSION

For the reasons set forth herein, Ms. Day respectfully requests that she be granted leave to file the Proposed Amendment.

Dated: October 13, 2025                       SHUMAKER, LOOP & KENDRICK, LLP
  Steven M. Berman
By: */s/ Steven M. Berman*
    Steven M. Berman
    Attorney for Counter-Plaintiff
    SHARON DAY

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on October 13, 2025, a true and correct copy of the foregoing was served by CM/ECF service on all counsel of record. I further certify that a true and correct copy of the foregoing was served, on October 13, 2025, via email on Michael C. Lieb, mlieb@ecjlaw.com, and Zoe M. Vallier, zvallier@ecjlaw.co, Counsel for Catalina Yachts, Inc.; Daniel A. Kaplan, dkaplan@danielkaplanlaw.com, and Aaron D. Sadock, asadock@panakoslaw.com, Counsel for Gerard Douglas.

October 13, 2025                    */s/ Steven M. Berman*
                                    Steven M. Berman