# EXHIBIT 2

# SHARON DAY
# Bonus Compensation Agreement

This Agreement is entered into and effective on _____, 2002, by and between:

    (i)    **Sharon Day** ("Employee");

    (ii)   **Frank Butler** and **Jean Butler**, as individuals; and

    (iii)  **Catalina Yachts**, a California Corporation, ("Catalina") with its principal place of business located in Woodland Hills, California.

## RECITALS

A.    Employee is a key employee of Catalina and a Director of Catalina Yachts, and has been employed by it for more than 25 years.

B.    Catalina wishes to retain Employee's services.

C.    All Catalina's issued and outstanding shares of stock are owned by the:

    (i)    Butler Family Trust;

    (ii)   Frank Butler Grantor Retained Annuity Trust - Catalina (Deborah);

    (iii)  Frank Butler Grantor Retained Annuity Trust - Catalina (Mary);

    (iv)  Frank Butler Grantor Retained Annuity Trust - Catalina (Nancy);

    (v)   Frank Butler Grantor Retained Annuity Trust - Catalina (David);

    (vi)  Jean Butler Grantor Retained Annuity Trust - Catalina (Deborah);

    (vii)  Jean Butler Grantor Retained Annuity Trust - Catalina (Mary);

    (viii) Jean Butler Grantor Retained Annuity Trust - Catalina (Nancy); and

    (ix)  Jean Butler Grantor Retained Annuity Trust - Catalina (David).

Reference in this Agreement to "**Butlers**" are intended to be to these trusts as a group.

I.    **Continued Employment and Bonus**

    1.1.   **When Bonus Is Earned.**

Employee shall earn the Bonus if Employee continues to work full-time for Catalina until the **earlier** of:

    (i)    the sale of Catalina; or

    (ii)   seven and one-half (7-1/2) years from the date of execution of this Agreement.

"Sale of Catalina" includes sale of the Butlers' stock **or** sale of all of Catalina's assets.

Bonus Compensation Agreement re: Sharon Day
Page 2 of 4

**1.2. How Bonus Is Measured.**

The Bonus shall be additional compensation equal to five percent (5%) of the:

(i) net sales price; or

(ii) value of Catalina, whichever is appropriate.

**1.3. Determining Fair Market Value.**

This paragraph applies if Catalina must be valued for purposes of determining the Bonus. Catalina shall select an independent, professional appraiser. The appraiser shall determine Catalina's fair market value. The Bonus shall be five percent (5%) of Catalina's fair market value, unreduced by discounts such as lack of marketability and lack of control. The appraisal shall be conclusive between the parties regarding the value of Catalina shares.

**1.4. Minimum Bonus.**

This minimum applies if all conditions of this Agreement are satisfied and despite the formula set forth above. The Bonus paid to Employee shall be no less than one million ($1,000,000).

**1.5. Timing Of Payments.**

Catalina agrees to pay the Bonus to Employee within sixty (60) days of payment to the Butlers of the consideration they are to be paid for their shares. If the consideration, or part of it, paid to the Butlers is in the form of the buyer's securities, Catalina or its acquirer shall convey to Employee five percent (5%) of the securities to be delivered to the Butlers.

**1.6. Pro Ration Of Payments.**

This paragraph applies if the monetary portion of the compensation to be paid for the Butlers' Catalina shares is not paid in a lump sum. Catalina shall pay to Employee five percent (5%) of the periodic payment(s) that are to be paid to the Butlers, or their successors in interest, for their shares as they are paid. Despite the length of time over which the Butlers receive periodic payments, all cash payments to be paid to Employee shall be fully paid no later than five (5) years after the beginning of periodic payments.

**1.7. Binding On Parties.**

The parties agree that the sales price and terms for all shares of Catalina stock negotiated by the Butlers, their heirs, or successors in interest shall be conclusive between the parties as to the value of Catalina Stock.

**II. Termination of Employment**

This paragraph applies if Employee dies or becomes totally disabled before the conclusion of seven and one-half (7-1/2) years from the date of this Agreement or sale of all of the outstanding Catalina shares, whichever comes first. Catalina shall pay Employee or Employee's estate, as the case may be, an amount equal to the value of five percent (5%) of the total number of outstanding Catalina shares. The payment shall be made within sixty (60) days of the date of Employee's death or total disability.

If Employee becomes unable to work full-time for Catalina due to illness or disability

Bonus Compensation Agreement re: Sharon Day
Page 3 of 4

not amounting to total disability, the parties agree to negotiate a modified arrangement which would allow Employee to continue a manageable work schedule and still receive a full bonus payment.

### III. No Personal Liability

The Butlers agree to notify any buyer of their stock of this Agreement. The Butlers further agree to reconfirm, in the contract for the sale of their stock, Catalina's liability to make the payments provided for in this Agreement following the sale. If Catalina is to be merged into another corporation after acquisition, the Butlers agree to obtain the surviving corporation's written consent to make the required payment(s). If the Butlers take the steps outlined in this paragraph, they shall not have any personal liability to Employee.

### IV. Entire Agreement

This document constitutes the parties' entire understanding on this subject. Understandings or representations of any kind of preceding the date of this Agreement shall not bind any party except to the extent incorporated in this Agreement. This Agreement may only be modified by a document in writing signed by all parties.

WHEREFORE, the parties have executed this Agreement on November 18 _____, 2002.

_____
Sharon Day

_____
Jean Butler, Individually

Catalina Yachts,
A California Corporation

_____
By: Frank Butler, President

_____
Frank Butler, Individually

Bonus Compensation Agreement re: Sharon Day
Page 4 of 4

STATE OF CALIFORNIA
COUNTY OF LOS ANGELES

On \_\_November 18\_\_, 2002 before me, \_\_Michele Rene Borowski\_\_, a Notary Public personally appeared **Sharon Day** personally know to me to be the person whose name is subscribed to the within instrument and acknowledged to me that she executed the same.

WITNESS my hand and official seal.

Signature \_\_Michele Rene Borowski\_\_



MICHELE RENE BOROWSKI
Commission # 1261216
Notary Public - California
Los Angeles County
My Comm. Expires Apr 20, 2004

STATE OF CALIFORNIA
COUNTY OF LOS ANGELES

On \_\_November 18\_\_, 2002 before me, \_\_Michele Rene Borowski\_\_, a Notary Public personally appeared **Frank Butler** and **Jean Butler** personally known to me to be the persons whose names are subscribed to the within instrument and acknowledged to me that they executed the same as individuals, and that Frank Butler also executed this instrument in his authorized capacity, and that by his signature on the instrument the entity upon behalf of which he acted executed the instrument.

WITNESS my hand and official seal.

Signature \_\_Michele Rene Borowski\_\_

MICHELE RENE BOROWSKI
Commission # 1261216
Notary Public - California
Los Angeles County
My Comm. Expires Apr 20, 2004