Michael C. Lieb (SBN 126831)
  mlieb@ecjlaw.com
Zoe M. Vallier (SBN 324324)
  zvallier@ecjlaw.com
**ERVIN COHEN & JESSUP LLP**
9401 Wilshire Boulevard, Twelfth Floor
Beverly Hills, California 90212-2974
Telephone: (310) 273-6333
Facsimile: (310) 859-2325

Attorneys for Plaintiff/Counter-Defendant
CATALINA YACHTS, INC.
and Counter-Defendants RUSSELL L.
BERNEY and JEAN C. BUTLER

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| CATALINA YACHTS, INC., a California corporation,<br><br>            Plaintiff,<br><br>     v.<br><br>SHARON DAY, an individual; GERARD DOUGLAS, an individual; and DOES 1 through 10, inclusive,<br><br>            Defendant.<br><br>_____<br><br>AND RELATED COUNTERCLAIMS | Case No. 2:25-cv-04090-SVW-RAO<br><br>Assigned to The Hon. Stephen V. Wilson<br><br>**PLAINTIFF AND COUNTER-DEFENDANT CATALINA YACHTS, INC.'S OPPOSITION TO COUNTER-PLAINTIFF SHARON DAY'S MOTION FOR LEAVE TO AMEND**<br><br>*[Concurrently filed with Declaration of Michael C. Lieb]*<br><br>Date:    January 12, 2026<br>Time:    1:30 p.m.<br>Crtrm.:  10A<br><br>Action Filed:  May 7, 2025<br>Trial Date:    February 17, 2026 |

ERVIN COHEN & JESSUP LLP

17639.11:11726301.3

ERVIN COHEN & JESSUP LLP

## I.    <u>INTRODUCTION</u>

Sharon Day was the president of Catalina Yachts, Inc. ("Catalina") from shortly after the passing of Frank Butler in 2020, until December 2024. The entire premise of Day's two-page Motion for Leave to Amend ("Motion"), although not actually explained in the Motion, is to add allegations about what happened during the time she acted as president. Specifically, she seeks to add allegations related to a transfer that occurred in July 2024 between Catalina and its wholly owned subsidiary Catalina Investments, LLC (a transaction for which Day signed the assignment of agreement for purchase and sale of real property) and related to Catalina's lawyer assisting her with her retirement from Catalina in October 2024. Clearly, the Proposed Second Amended Counterclaim ("Proposed Counterclaim") is not based upon information learned during recent depositions, as Day contends in her Motion; it is information Day has been in possession of since before she filed her original counterclaim in July 2025 and her first amended counterclaim in October 2025 – Day signed the very document in July 2024 that effectuated the transfer which she now claims was a fraudulent transfer that she learned about in discovery. Further, Day's proposed fraudulent transfer claim is futile because it is not a claim that affords her any relief beyond that sought in her other claims.

Granting Day's Motion a little over a month before trial, and while Catalina has a pending motion for summary judgment on Day's operative counterclaim, set to be heard on January 26, 2026, would seriously prejudice Catalina because it would leave Catalina without the opportunity to defend and seek to dispose of Day's amended counterclaim before a costly jury trial. Or, if the Court were inclined to continue trial, Catalina would be prejudiced by the undue delay that would result from the changed trial date and from the additional expense of litigation that would be required.

For these reasons, and those described below, the Court should deny Day's Motion. Day's Motion should also be denied on the procedural ground that Day

PLAINTIFF AND COUNTER-DEFENDANT CATALINA YACHTS, INC.'S OPPOSITION TO COUNTER-PLAINTIFF SHARON DAY'S MOTION FOR LEAVE TO AMEND

1   failed to properly notice the Motion as she did not "set forth with particularity the

2   ground of the amendment and the relief requested." Fed. R. Civ. Proc. 7(b)(1).

3   **II.    THE COURT SHOULD DENY LEAVE TO AMEND**

4        Although Federal Rule of Civil Procedure 15(a) provides that leave to amend

5   should be freely given when justice so requires, it "is not to be granted

6   automatically." *In re W. States Wholesale Nat. Gas Antitrust Litig.,* 715 F.3d 716,

7   738 (9th Cir. 2013), *aff'd sub nom. Oneok, Inc. v. Learjet, Inc.,* 575 U.S. 373 (2015)

8   *citing Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990). "[A] district

9   court need not grant leave to amend [under Federal Rule of Civil Procedure 15(a)]

10  where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith;

11  (3) produces an undue delay in litigation; or (4) is futile." *Lopez v. Liberty Mut. Ins.*

12  *Co.,* 2019 WL 13143747, at *1 (C.D. Cal. Oct. 8, 2019) *citing AmerisourceBergen*

13  *Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 951 (9th Cir. 2006). Prejudice is the

14  touchstone of the inquiry under Rule 15. *Lopez* at *1 *citing Eminence Capital, LLC*

15  *v. Aspeon, Inc.,* 316 F.3d 1048, 1052 (9th Cir. 2003). Late amendments to assert

16  new theories are not reviewed favorably when the facts and theory have been known

17  to the party seeking amendment since the inception of the cause of action. *Bernal v.*

18  *United Parcel Serv. Co.,* 2009 WL 10675889, at *1 (C.D. Cal. Nov. 13, 2009).

19       **A.    Catalina Will Be Prejudiced if the Motion is Granted.**

20       Prejudice is heightened when a party seeks to amend a pleading late in

21  litigation. *See Scognamillo v. Credit Suisse First Bos., LLC,* 587 F. Supp. 2d 1149,

22  1155 (N.D. Cal. 2008) *citing Netbula, LLC v. Bindview Dev. Corp.*, 2007 WL

23  2221070, at *4 (N.D. Cal. Aug. 2, 2007). Such prejudice may result when the new

24  allegations add claims based on different legal theories or require proof of different

25  facts. *Id*. Further, "[i]t is generally inappropriate to grant leave to amend a complaint

26  while summary judgment is pending." *See Coplin v. Conejo Valley Unified Sch.*

27  *Dist.,* 903 F. Supp. 1377, 1388 (C.D. Cal. 1995), *aff'd,* 116 F.3d 483 (9th Cir. 1997).

28       Here, Catalina has already filed a motion for summary judgment on Day's

ERVIN COHEN & JESSUP LLP

PLAINTIFF AND COUNTER-DEFENDANT CATALINA YACHTS, INC.'S OPPOSITION TO COUNTER-
PLAINTIFF SHARON DAY'S MOTION FOR LEAVE TO AMEND

ERVIN COHEN & JESSUP LLP

1   operative counterclaim, which is set to be heard on January 26, 2026, and trial is set

2   to commence a little over a month after Day's Motion is set to be heard on January

3   12, 2026; Catalina will clearly be prejudiced if Day's Motion is granted, effectively

4   depriving Catalina of a right to seek summary judgment, or – even if the Court fixes

5   that issue – leaving Catalina's existing MSJ incomplete and requiring additional

6   work and attorneys' fees to supplement it.

7           Specifically, although not articulated in her Motion, Day requests leave to add

8   allegations to her counterclaim which entirely change the theory underlying her

9   fraudulent transfer claim, and which supplement her promissory estoppel claim. In

10  her initial counterclaim and first amended counterclaim, Day's fraudulent transfer

11  claim was based on the sale of assets made by Catalina to Michael Reardon (the

12  "Reardon Transaction"). Now, in the Proposed Counterclaim, Day has entirely

13  foregone her Reardon Transaction fraudulent transfer theory, and has instead

14  swapped in her theory that Catalina's transfer of property to its wholly-owned

15  subsidiary, Catalina Investments, LLC, in order to facilitate a "1031" exchange of

16  property, was a fraudulent transfer. Day is trying to add an entirely new claim based

17  on an exchange she has known about since at least July 2024 – and as discussed

18  below, a claim that has no merit.

19          As to her promissory estoppel claim, Day seeks to add allegations that

20  Catalina's counsel around October 2024 made certain representations that led Day

21  to believe she was owed a bonus.

22          **B.    Day Has Unduly Delayed to the Prejudice of Catalina**

23          The premise of Day's Motion is that an amendment to her counterclaim is

24  necessary because during the course of discovery, specifically, "recent depositions,"

25  Day learned new information. This is simply not true.

26          In evaluating undue delay, courts in the Ninth Circuit have inquired into

27  whether the moving party knew or should have known the facts and theories raised

28  by amendment in the original pleading. *See Lopez,* 2019 WL 13143747, at *1 (C.D.

PLAINTIFF AND COUNTER-DEFENDANT CATALINA YACHTS, INC.'S OPPOSITION TO COUNTER-
PLAINTIFF SHARON DAY'S MOTION FOR LEAVE TO AMEND

ERVIN COHEN & JESSUP LLP

1    Cal. Oct. 8, 2019) *citing AmerisourceBergen Corp,* 465 F.3d at 953. In *Lopez*, the

2    Court concluded that plaintiffs' motion for leave to amend produced an undue delay

3    in litigation primarily because "[a]t the time of Plaintiffs' original pleading,

4    Plaintiffs had all of the information necessary to raise the amended damages claim it

5    now pursues…" and plaintiff waited approximately twelve months to amend after

6    the court found its damages claim insufficient. *Lopez*, 2019 WL 13143747, at *1.

7    Similarly in *Bernal v. United Parcel Serv. Co.,* 2009 WL 10675889, at *2 (C.D. Cal.

8    Nov. 13, 2009), the Court concluded that plaintiff had unduly delayed in seeking to

9    amend his complaint when the facts plaintiff sought leave to include had been

10   personally known to him for years.

11        Day makes no effort to set out the facts that support her claim of late

12   discovery.  And that is not surprising.  She seeks to add one set of allegations about

13   a transfer that Catalina made under her signature as Catalina President[1]; and another

14   about representations allegedly made to her by Catalina's counsel, Thomas Cox,

15   who allegedly provided assistance with her retirement announcement.

16        The Salt Creek sale that underlies Day's proposed amended fraudulent

17   transfer claim happened while she was president and it happened under her watch -

18   Day executed relevant documents related to the sale (i.e., Assignment of Agreement

19   for the Purchase and Sale of Real Property between Catalina Yachts, Inc. and

20   Catalina Investments, LLC [CAT002641-42]), and was involved in direct

21   communications related to the 1031 exchange [*see, e.g.,* CAT002956]. These

22   documents are attached as Exhibits 1 and 2, respectively, to the concurrently filed

23   Declaration of Michael C. Lieb. Further, Day was obviously directly involved in any

24   conversations she had with Thomas Cox around October 2024 related to her

25   retirement and any alleged discussions about a bonus around that same time. The

26

27   _____

[1]    Sharon Day was president of Catalina Yachts, Inc. from 2020 until her
28        retirement in December 2024. (Day Operative Counterclaim [Dkt. 77], ¶¶ 19,
          24).

PLAINTIFF AND COUNTER-DEFENDANT CATALINA YACHTS, INC.'S OPPOSITION TO COUNTER-PLAINTIFF SHARON DAY'S MOTION FOR LEAVE TO AMEND

ERVIN COHEN & JESSUP LLP

1    "facts" giving rise to the Proposed Counterclaim are without question ones that Day

2    already knew or should have known, and Day has provided no explanation as to

3    why these "facts" were not included in Day's original or amended counterclaim.

4    For this reason, Day's Motion should be denied.

5    ## C.    The Proposed Amendment is Futile on the Merits

6    Day's Proposed Counterclaim, specifically related to her fraudulent transfer

7    claim, is futile on the merits. "The test for futility is identical to the one used when

8    considering the sufficiency of a pleading challenged under Rule 12(b)(6)." *Hamilton*

9    *v. Cnty. of Madera*, 2021 WL 1577819, at *3 (E.D. Cal. Apr. 22, 2021), *report and*

10   *recommendation adopted*, 2021 WL 2651754 (E.D. Cal. June 28, 2021) (citing

11   cases). Likewise, a motion for leave to amend is futile if the claims presented can be

12   defeated on a motion for summary judgment. *Garlick v. Cnty. of Kern*, 2014 WL

13   1845034, at *2 (E.D. Cal. May 8, 2014).

14   A "transfer of assets made by a debtor is fraudulent to a creditor, whether the

15   creditor's claim arose before or after the transfer, if the debtor made the transfer (1)

16   with an actual intent to hinder, delay, or defraud any creditor, or (2) without

17   receiving reasonably equivalent value in return, and either (a) was engaged in or

18   about to engage in a business or transaction for which the debtor's assets were

19   unreasonably small, or (b) intended to, or reasonably believed, or reasonably should

20   have believed, that he or she would incur debts beyond his or her ability to pay as

21   they became due." *Cortez v. Vogt*, 52 Cal. App. 4th 917, 928 (1997) (internal

22   citations omitted); see also Cal. Civ. Code § 3439.04; *Moses v. Innoprise Software*,

23   2013 WL 6019536, at * 8 (N.D. Cal. Nov. 13, 2013). The elements of a fraudulent

24   transfer claim must be pled with particularity pursuant to Federal Rule of Civil

25   Procedure 9(b). *Kelleher v. Kelleher*, 2014 WL 94197, at *5 (N.D. Cal. Jan. 9,

26   2014). Day's allegations fall far short of a particularized showing – she has not and

27   can not allege specific facts showing a fraudulent transfer. Engaging in a "1031"

28   exchange of property is a lawful transaction; to transform it into fraud, Day must

PLAINTIFF AND COUNTER-DEFENDANT CATALINA YACHTS, INC.'S OPPOSITION TO COUNTER-
PLAINTIFF SHARON DAY'S MOTION FOR LEAVE TO AMEND

1  plead particularized facts showing fraudulent circumstances. Further, Day cannot

2  satisfy any elements of her claim as there is a complete failure of proof.

3      Further, Day's fraudulent transfer claim is futile because it violates the well-

4  established principle that "a plaintiff is entitled to only a single recovery for a

5  distinct harm suffered, and double or duplicative recovery for the same harm is

6  prohibited." *Renda v. Nevarez*, 223 Cal. App. 4th 1231, 1237-38 (2014). As the

7  Renda court explained, granting a creditor "an additional judgment against [the

8  debtor] under the UFTA . . . *would in effect allow [the creditor] to recover more*

9  *than the underlying judgment, which the [UFTA] does not allow*." *Id.* (emphasis in

10  original) (internal quotation marks omitted).

11     Day's proposed fraudulent transfer claim is merely duplicative of the other

12  causes of action she has alleged because, as to the alleged transferor (Catalina) it

13  offers no relief that the other causes of action would not. If Day were to win her

14  other claims, she'd receive a judgment against Catalina; if she were to lose her

15  claims, no judgment on the fraudulent transfer claim would alter the fact that she is

16  not a creditor and is thus not entitled to any recovery.  It is for this reason that a

17  fraudulent transfer claim lies against the *recipient* of the allegedly fraudulent

18  transfer (in Day's Proposed Counterclaim, Catalina Investments, LLC). The purpose

19  of the claim is to allow a creditor, who first establishes that he is a creditor, to

20  recover property that should have been available to satisfy the debt but is no longer

21  available. That relief lies only against the recipient of the property; the transferor,

22  for better or for worse, has transferred its rights in that property. *Renda*, 223 Cal.

23  App. 4th at 1236–37 (explaining that, under common law principles, courts have

24  held that "a money judgment against the transferee was permissible, but a money

25  judgment against the debtor was 'not sustained by reason or authority.'").

26     Day's proposed fraudulent transfer counterclaim is against Catalina (the

27  transferor), not Catalina Investments, LLC (the transferee), which are two distinct

28  entities. Although it appears that Day seeks relief from Catalina Investments, LLC

ERVIN COHEN & JESSUP LLP

PLAINTIFF AND COUNTER-DEFENDANT CATALINA YACHTS, INC.'S OPPOSITION TO COUNTER-
PLAINTIFF SHARON DAY'S MOTION FOR LEAVE TO AMEND

1  by way of its Proposed Counterclaim (*see* Proposed Counterclaim, ¶ 75), Day has
2  not named nor properly requested to add Catalina Investments, LLC as a party to
3  this action. Because Day's proposed fraudulent transfer claim is fundamentally
4  futile on the merits, the Motion should be denied.

5  **III.    CONCLUSION**

6         For the foregoing reasons, Catalina respectfully requests that the Court deny
7  Day's Motion for Leave to Amend.

8

9  DATED:  December 22, 2025          ERVIN COHEN & JESSUP LLP
10                                            Michael C. Lieb
                                              Zoe M. Vallier
11

12

13                                    By:        */s/ Michael C. Lieb*
14                                            Michael C. Lieb
15                                            Attorneys for Plaintiff/Counter-Defendant
                                              CATALINA YACHTS, INC. and Counter-
16                                            Defendants RUSSELL L. BERNEY and
                                              JEAN C. BUTLER
17

18              **CERTIFICATE OF COMPLIANCE**

19         The undersigned, counsel of record for Plaintiff and Counter-Defendant
20  Catalina Yachts, Inc., certifies that this brief contains 2,170 words, which:

21      ☒ complies with the word limit of L.R. 11-6.1.

22      ☐ complies with the word limit set by court order dated _____.

23

24  DATED: December 22, 2025

25                                         */s/ Michael C. Lieb*
                                           Michael C. Lieb