

101 East Kennedy Boulevard
Suite 2800
Tampa, Florida 33602

O  813.229.7600
F  813.229.1660
**SHUMAKER.COM**

STEVEN M. BERMAN
813.227.2332
sberman@shumaker.com

December 29, 2025

VIA CM/ECF
Edward R. Roybal Federal Building and United States Courthouse
Los Angeles, California
Courtroom 590, 5th Floor

  Re: Informal discovery conference opening letter brief

Dear Honorable Rozella A. Oliver:

Defendant/Counter-Plaintiff, Sharon Day (the "Counter-Plaintiff" or "Day") seeks to inspect the premises located at 3807 Weatherly Circle, Westlake Village, CA 91361 (the "Premises"), as set forth in the Counter-Plaintiff's Third Amended Notice of Inspection of Premises, pursuant to Rules 34(a)(2) and 37(a) of the Federal Rules of Civil Procedure (the "Proposed Inspection"). Despite multiple meet-and-confer efforts, Catalina Yachts, Inc. (the "Counter-Defendant" or "Catalina") has refused to permit the inspection and has asserted objections that Ms. Day believes are unsupported by the Federal Rules, Local Rules and related authority.

The genesis of Ms. Day's discovery flows from the repeated assertions from Catalina that, at the time of the filing of their complaint, they actively operated their business from Catalina's business locations located in the Central District of California. Ms. Day does not believe Catalina's representations to this Court and the parties were truthful and she seeks to discover the veracity of allegations and assertions, primarily that Catalina had active business operations and that they were really occurring out of the Catalina's California addresses, that are relevant both to the merits of the litigation and the credibility of Catalina agents and witnesses. To be clear, the Proposed Inspection of the Premises is of Catalina business operations located at 3807 Weatherly Circle, Westlake Village, CA 91361. As set forth on the attached Statement of Information from the California Secretary of State, the Premises was one of Catalina's business locations. A true and correct copy of that Statement of Information is attached hereto as **Exhibit A**.

Rule 34(a)(2) of the Federal Rules of Civil Procedure permits a party to serve requests to enter onto land or property "possessed or controlled by the responding party, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it." Where, as here, a party fails to permit a properly noticed inspection, Rule 37(a) authorizes the Court to compel such discovery.

Discovery is further governed by Rule 26(b)(1), which provides that:

> [p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount of controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden and expense of the proposed discovery outweighs the benefit. Information within the scope of discovery need not be admissible in evidence to be discoverable.

*Gilbert v. Rashid*, 2022 WL 4135102, at *3 (E.D. Cal. Aug. 10, 2022) (quoting Fed. R. Civ. P. 26(b)(1)).

In the context of a proposed inspection, courts in the Ninth Circuit perform a balancing test, weighing the degree to which a proposed inspection will aid in the search for truth against the burdens and dangers such inspection would create. *See Phoenix v. Toyota Arena LLC*, 2025 WL 1356971, at *3—4 (C.D. Cal. Feb. 14, 2025) (quoting *Belcher v. Bassett Furniture Indus., Inc.*, 588 F.2d 904, 908 (4th Cir. 1978)). Courts employ a two-step analysis: First the court determines whether a minimal showing of relevance has been made, and if so, then the party opposing discovery has the burden of showing that discovery should not be allowed. *Manclark v. Oceans Marine Elecs., Inc.*, 2020 WL 7265412, at *2—3 (C.D. Cal. Oct. 16, 2020) (quoting *DIRECTV, Inc. v. Trone*, 209 F.R.D. 455, 458 (C.D. Cal. 2002)). Even if the Proposed Inspection were to impose some danger or burden, appropriate safeguards and limitations can be imposed to mitigate such risks, while still allowing Counter-Plaintiff to inspect the Premises. *See FMC Techs., Inc. v. Edwards*, 2006 WL 8454813, at *3 (W.D. Wash. Mar. 20, 2006). Here, the Proposed Inspection would impose no danger or undue burden, and, as discussed further below, is highly relevant to Counter-Plaintiff's claims and Counter-Defendant's defenses.

First, the Proposed Inspection will help address Catalina's representations to both Court and counsel and to evaluate the accuracy and truthfulness of those representations. Public records from the California Secretary of State reflect that, at various times around the filing of its action, Catalina reported conducting business at two addresses. Without opposition, Ms. Day recently inspected, with a videographer, the second of those addresses (i.e., the address other than the Premises'), located at 2259 Ward Ave., Suite 200, Simi Valley, CA 93065. That inspection revealed the location to be a completely vacant former office space.
Ms. Day seeks to inspect and view the operations Catalina has repeatedly represented are located in California. Notwithstanding its prior representations, Catalina now contends that the Premises is actually the personal residence of a 95-year-old woman (a circumstance that Ms. Day approaches with sensitivity), and not a business location for Catalina.

Currently, as of September 29, 2025, the California Secretary of State indicated Catalina's principal address is at the Premises. *See* Ex. A. Those public records are consistent with the Catalina's own allegations. In its Complaint, Catalina alleged that it is "a California corporation with its principal place of business in Woodland Hills, California." (Doc. No. 1 ¶ 2). Likewise, when Ms. Day argued, in the Motion to Transfer Venue, that Catalina had its assets and operations in Florida, Catalina argued it was a "California corporation, with its principal place of business in Los Angeles County, California," and "maintains offices and personnel only in Los Angeles County, California, and has no offices or personnel in Florida."[1] (Doc. No. 22 p. 2—3).

If, as the Counter-Defendant has alleged both in its Complaint and Memorandum in Opposition to the Motion to Change Venue, all operations were truly in California and the Counter-Defendant is in fact a California corporation, then the Counter-Plaintiff should be permitted to conduct a site inspection at the Premises to corroborate the representations that the Counter-Defendant has made to this Court, consistent with the California Secretary of State filing.

Second, the Proposed Inspection will help proving and disproving allegations at issue in the Counterclaims and defenses.

Specifically, it would provide evidence of "assets used and/or useful" and whether the sale to a third party was effectively of "substantially all" operating assets.

---

[1] Counter-Defendant's Memorandum in Opposition to Motion to Change Venue by Plaintiff alleged that Counter-Defendant's only presence in Florida was real property that Counter-Defendant leases to third parties.

3

Ms. Day alleges that, in April 2025, the Counter-Defendant sold "all of the assets used and/or useful in the operation of its business." Ms. Day further alleges that this sale was undertaken as part of an effort to actively dispose of assets in order to defeat Ms. Day's real and effective rights to be paid, thereby triggering liability on account of Catalina's breaches of the Bonus Compensation Agreement at issue. To be clear, Catalina's conduct in the sale of assets and lack of real business operations is asserted to be at the core of Catalina's efforts to deprive Ms. Day of the bonus she earned as a Catalina employee for more than five decades. Catalina and its counsel have now repeatedly asserted to this Court and counsel that they are unsure of "whether" Ms. Day will ever be paid her deferred compensation.

Seeing what equipment, inventory, work-in progress, tooling, IP usage, records, and other operational assets remained at the Premises (if any) helps prove or rebut both whether Catalina's representations to this Court and counsel were truthful and whether the pre-suit dispositions of assets have effectively disposed of the business's operating assets. Additionally, the Proposed Inspection will help test insolvency/asset sufficiency for Ms. Day's fraudulent transfer claims. The Proposed Inspection can verify what tangible property, equipment, other valuable assets and operations (if any) remained with the Catalina after various asset disposition closings, and whether the Premises were vacated of operational assets, supporting or undermining insolvency allegations.

Again, Ms. Day asserts that Catalina effectively sold its business operations in full in the April 2025 transaction, while Catalina contends what they sold was only a small part of its business. If Catalina's position were true, the greater part of the business must be operating in California.

Third, Catalina's objections set forth in its Objection to Sharon Day's Third Amended Notice of Inspection of Premises (the "Objection") are inadequate. The Federal Rules of Civil Procedure 34(b)(2)(B) requires that a response to a request for inspection "either state that inspection and related activities will be permitted as requested or state with specificity the grounds for objecting to the request, including the reasons." Catalina's objections consist of boilerplate assertions and fail to articulate any concrete burden or harm, or factual basis for refusing inspection.

Such boilerplate objections, when not stated with specificity, are improper and subject to waiver of any cognizable objections. *See Lofton v. Verizon Wireless (VAW) LLC*, 308 F.R.D. 276, 281 (N.D. Cal. 2015) (holding that "[i]t is well established that 'all grounds for objections to [discovery] must be stated with specificity [in the initial response] or the objection is waived[.]'") (quoting *Io Grp.*

4

*Inc. v. GLBT Ltd.*, 2011 WL 3443773, at *2 (N.D.Cal. Aug. 8, 2011)); *Duran v. Cisco Sys., Inc.*, 258 F.R.D. 375, 379 (C.D. Cal. 2009) (holding that "such unexplained and unsupported boilerplate objections are improper"); *A. Farber & Partners, Inc. v. Garber*, 234 F.R.D. 186, 188 (C.D. Cal. 2006) (holding that boilerplate objections like overly burdensome and harassing is improper, especially when a party does not submit evidentiary declarations in support of such objections). Accordingly, generalized concerns about inconvenience, confidentiality, or disruption do not meet the requirements of Rule 34 and do not justify refusing inspection.

Based on the foregoing, the Ms. Day requests that this Court compel Catalina to permit inspection of the Premises.

Very truly yours,

Steven M. Berman, Esq.